283 So.2d 713 (1973)
STATE of Louisiana
v.
Sylvester KIRKLIN.
No. 53383.
Supreme Court of Louisiana.
September 24, 1973.
Rehearing Denied October 26, 1973.
*714 C. O. Brown, Alexandria, for defendant-relator.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Special Counsel to Atty. Gen., Edwin O. Ware, Dist. Atty., for plaintiff-respondent.
DIXON, Justice.
Sylvester Kirklin was tried under a bill of information charging him with simple battery. R.S. 14:35. He was convicted after trial before a judge and sentenced to serve six months in the parish prison. This case is before us on a writ of certiorari.
The facts as disclosed by the record are as follows:
During the evening of December 22, 1972 Horace Swafford, Leroy Jackson and their wives were present in an eating and drinking establishment in the town of Alexandria, Louisiana. The defendant entered the establishment and accosted Swafford concerning $2.00 allegedly owed the defendant. When Swafford failed to produce the money a scuffle ensued between the two men. Defendant attacked Swafford from behind; Swafford knocked the defendant down. Defendant got up, pulled his hand from his pocket, raised it and advanced on Swafford. Leroy Jackson, Swafford's stepfather, then attempted to intervene. Jackson lunged for the defendant's arm, missed, and was immediately and severely cut across his abdomen. The defendant then fled.
Bills of Exceptions Nos. 1 and 2
Both of these bills were reserved when the trial judge sustained an objection by *715 the State to the question, "It is your testimony then that you were accidentally cut by Sylvester Kirklin ..." posed by the defense on cross-examination of Leroy Jackson.
In his per curiam the judge states he sustained the objection because the defense counsel was seeking to have the witness testify as to a conclusion of law.
Since intent is an element of the crime of battery, the absence of the requisite intent is an available defense. A showing that the force applied to the person of the victim was accidental is relevant. R. S. 14:10(2); 14:35.
However, this showing must be made by competent evidence. R.S. 15:463 reads:
"Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have."
With rare exception, a witness can testify only to facts within his knowledge. He may not testify as to an impression he may have. State v. Wilkerson, 261 La. 342, 259 So.2d 871 (1972); State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971); State v. Chalaire, 251 La. 984, 207 So.2d 767 (1968); State v. Freeman, 245 La. 665, 160 So.2d 571 (1964).
The witness, who was also the victim, had already testified fully as to the details of the cutting, and was being asked to give a speculative opinion as to whether the injury inflicted by the defendant was intentional. The question sought to elicit an uncommunicated intent of another from the witness. Wallace v. State, 275 So.2d 634 (Ala.1973). As such, the testimony is incompetent under R.S. 15:463 and was properly excluded by the trial judge. The answer to the question would have added nothing to the evidence before the court.
Bill of Exceptions No. 3
This bill was reserved when the trial judge overruled an objection by defense counsel to a statement made by a prosecution witness to the effect that the defendant had swung his arm out and cut the victim. The basis for the objection was that the witness had not seen a knife and there had been no evidence introduced of a knife being used.
As the trial judge noted in his per curiam to this bill, the witness did not testify that the victim had been cut with a knife.
A witness may properly state a natural inference from something he has observed. State v. Cole, 161 La. 827, 109 So. 505 (1926). The natural inference from the actions the witness observed was that the defendant had cut the victim. The trial judge properly admitted the testimony.
In his brief, the defendant urges that his conviction be overturned because the State failed to prove the defendant acted with the requisite intent. Defendant did not move for a directed verdict or a new trial. There are no bills of exceptions pertinent to defendant's allegation. We cannot consider this argument. C.Cr.P. 920.
The conviction and sentence are affirmed.
TATE, Judge (concurs).
I think the question as to the accidental cut was within the scope of cross-examination, but sustaining the objection to the question was harmless error under all of the circumstances.