288 So.2d 324 (1974)
STATE of Louisiana
v.
Alvin Brother LEWIS.
No. 53544.
Supreme Court of Louisiana.
January 14, 1974.
*326 Robert F. Fleming, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
The defendant, Alvin Brother Lewis, was charged by bill of information with having violated R.S. 14:62, simple burglary. On June 14, 1972, a jury returned a verdict of guilty. On July 26, 1972, the defendant was sentenced to serve five years at hard labor in the custody of the Louisiana Department of Corrections. Defendant now appeals his conviction and sentence relying upon eleven bills of exceptions.
Bills of Exceptions Nos. 1, 8 and 9
These bills of exceptions were submitted in brief without argument. Therefore, they are deemed abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
Bill of Exception No. 6
Though this bill of exceptions was perfected, it was not argued nor even alluded to in brief. It is therefore deemed abandoned. State v. Edwards, supra.
Bills of Exceptions Nos. 5 and 7
Bill of Exceptions Nos. 5 and 7 were submitted without supportive argument and are therefore deemed abandoned.
Bill of Exception No. 2
This bill was reserved when the trial court overruled defendant's objection to the following exchange between a police officer and the district attorney:
"Q. Did you conduct any investigation in reference to the manner in which entrance could have been gained into the residence?
A. From the appearance of the window, it appeared to be pried open."
Defendant objected to the answer because it was a conclusion on the part of the witness.
R.S. 15:463 provides:
"Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have."
A witness normally may testify only to facts within his knowledge. He may not testify as to any impression or opinion he may have. State v. Kirklin, La., 283 So.2d 713, decided September 24, 1973, and the authorities cited therein. However, it is clear that a non-expert witness may properly state a natural inference from something he has observed. State v. Kirklin, supra; see also authorities cited in trial court's per curiam. However, it is necessary that the witness state the basic facts upon which the inference was based. State v. Winstead, 204 La. 366, 15 So.2d 793 (1943).
In the instant case, the inference or opinion non-responsive to the State's question was given without prior testimony as to observed conditions giving rise to the inference. As such the testimony was technically improper or premature. Under the circumstances, however, the ruling of the trial court though perhaps erroneous was harmless. C.Cr.P. 921. The testimony complained of did not connect the defendant with the crime nor was the opinion given determinative of the issue of unauthorized entry.
Bills of Exception Nos. 3 and 4
These bills relate to the trial court's overruling defendant's objection to permitting the victim to testify after she violated the order sequestering witnesses. C.Cr.P. 764.
*327 It is within the sound discretion of the trial court to determine whether a witness will be allowed to testify after violating an order of sequestration. State v. Neal, La., 275 So.2d 765 (1973); State v. Edwards, 257 La. 707, 243 So.2d 806 (1971).
The victim, who violated the sequestration order, was the second witness called. She heard the testimony of the first witness, a police officer, which related primarily to establishing a foundation for introduction of photographs of the scene of the burglary. The victim's testimony was almost entirely directed toward identification of certain items as her property and the fact that these items had been taken from her residence.
The purpose of C.Cr.P., Article 764 is to insure that a witness will testify as to his own knowledge of the case without being influenced by the testimony of other witnesses. State v. Raymond, 258 La. 1, 245 So.2d 335 (1971); State v. McAllister, 253 La. 382, 218 So.2d 305 (1969). Where, as here, a witness violates an order of sequestration and hears testimony which bears little if any relationship to the matters about which she has been called to testify, the purpose of the sequestration order has not been thwarted and we cannot say that the Court's allowing the witness to testify under these circumstances was an abuse of discretion. Cf. State v. Neal, supra.
Bill of Exception No. 10
The bill of information in the present proceeding charges that the burglary occurred at 2215½ Fourth Street. Throughout the trial of this case all of the testimony, including that of the victim of the burglary, indicated that the crime had occurred at this address. However, in his Motion in Arrest of Judgment the accused contends that the bill of information and the testimony, insofar as they reflect the address of the burglarized premises, are incorrect, and that the correct municipal number is rather 2215 Fourth Street. At the hearing on the motion, defense counsel testified that the proper address was 2215 Fourth Street, and this bill was reserved when the Motion in Arrest of Judgment was denied.
In his brief filed in this Court defendant simply states in support of this bill that "the correct municipal number of a dwelling is an essential averment and when omitted the information is substantially defective."
Defendant's argument is without merit. The essential averments of a specific indictment form are stated in C.Cr.P.Art. 465. C.Cr.P. 859, Official Revision Comment (b). Article 465 contains the following short form of indictment for simple burglary:
"A.B. committed simple burglary of the houseboat (or other structure, watercraft, or movable, as the case may be) belonging to C.D."
The specific short form as set out above establishes the proper allegations which must be present in the bill of information in order for the bill to be complete. It is significant that only an allegation of burglary on a structure need be alleged. The address of the structure is not a necessary allegation, although the ownership of the structure by someone other than the defendant is necessary.
The transcript indicates that all necessary allegations of burglary were proven. The description of the structure in the terms of its physical attributes by the witnesses is sufficient to establish that a specific building was burglarized by the defendant. The fact that the building may have been given the incorrect municipal address in the indictment and in testimony does not obviate the fact that the jury could easily find that particular building properly described, except as to address, was burglarized and that they could base their finding on descriptions of the structure given by the witnesses.

*328 Bill of Exception No. 11

This bill was reserved when the trial court denied defendant's motion for a new trial. Defendant advanced several grounds in support of his motion. They were: (1) that the Assistant District Attorney was erroneously permitted to question prospective jurors on voir dire examination relative to the presumption of theft based on possession of recently stolen goods; (2) that the trial court erred in granting the state's challenge for cause of a juror who stated he could not accept the legal presumption concerning possession of recently stolen goods; (3) that the court erred in charging the jury to disregard any allegations in the state's opening statement not substantiated by evidence; (4) that the state committed reversible error in commenting on defendant's failure to explain his possession of stolen property in closing argument which reference constituted a comment on the defendant's failure to testify and abridges his rights against self-incrimination; and (5) that the court erred in that the charge given the jury was unfair, misleading and prejudicial so as to deny defendant a fair trial as guaranteed under the Fourteenth Amendment.
Each of the alleged errors occurred during the course of the trial. And in each instance no objection was made by defense counsel nor was any bill of exception taken. Accordingly, the defendant has waived his objection to each of the above alleged errors. C.Cr.P. 841.
We note that on July 26, 1972, the defendant filed a motion for a new trial which was denied. Thereafter the trial judge sentenced the defendant. According to C.Cr.P., Art. 873 a sentence shall not be imposed until at least twenty-four hours after the motion is overruled. Therefore, we affirm the conviction and remand the case for resentencing in accordance with law.