294 So.2d 794 (1974)
STATE of Louisiana
v.
George WASHINGTON, Jr.
No. 54228.
Supreme Court of Louisiana.
April 29, 1974.
*795 John W. Montgomery, Minden, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Charles A. Marvin, Dist. Atty., James S. Harris, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was tried under an indictment charging him with murder. R.S. 14:30. After a trial by jury he was convicted of manslaughter and sentenced to serve ten years at hard labor. Defendant appeals, relying on five perfected bills of exceptions to obtain reversal of his conviction and sentence.[1]

Bill of Exceptions No. 1
This bill was reserved when the trial court permitted photographs of the scene of the crime to be introduced into evidence over defendant's objection.
The State called Deputy Sheriff T. C. Bloxom who testified that the photographs were taken at his direction and that two of the photographs, S-8 and S-10, indicated the area where the body of the victim had *796 been according to information provided by witnesses. This witness did not have personal knowledge of the location of the body since it had been removed prior to his arrival at the scene. The State then offered the photographs for introduction. Defense counsel objected to S-8 and S-10 contending that the foundation laid for introduction was insufficient, consisting of hearsay testimony. Before the trial judge could rule on the objection the State withdrew the offer and resubmitted the photographs for the purpose of showing the general scene of the crime. The trial judge then denied the objection to the original offer and ordered the photographs admitted.
This bill of exceptions was taken to that ruling; however, no objection was made to the photographs as resubmitted. Defendant's original objection and the ruling thereon do not relate to the photographs as admitted. The witness gave adequate and competent testimony to support admission of the photographs for the purpose stated when reoffered. Failure to object to the photographs as resubmitted waived any complaint the defendant might have had. C.Cr.P. 841.
This bill is without merit.

Bills of Exceptions Nos. 2 and 3
These bills relate to the introduction of evidence concerning a bruise or mark on the back of the defendant. Defense counsel contends that the examination of the defendant's body without first advising him of his rights under Miranda v. Arizona renders the evidence inadmissible.
Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), protects against compulsory self-incrimination where the accused is subjected to custodial interrogation; however, it has no applicability to situations falling outside the ambit of the protection of the constitutional privilege against self-incrimination. See Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). Requiring an accused to exhibit his person or to submit to a physical examination does not violate his privilege against self-incrimination. That privilege only protects an accused from being compelled to testify against himself or otherwise provide the State with evidence of a testimonial or communicative nature. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
The examination and the subsequent photographing of the defendant without advising him of his constitutional rights as required by Miranda does not require exclusion of that evidence. Miranda is inapplicable.
These bills are without merit.

Bill of Exceptions No. 6
This bill was reserved in response to a ruling by the trial court permitting the State to examine one of its witnesses by means of leading questions.
The witness had given a statement prior to trial concerning a conversation with the defendant shortly before the commission of the offense. At trial his testimony reiterated a portion of the facts given in the statement, but when questioned further he stated that he had said nothing else to the defendant. The prosecutor then pleaded surprise and requested that he be allowed to examine the witness via leading questions. We note that earlier the State had attempted to refresh the memory of the witness by having him look at the written statement and the trial court erroneously sustained defendant's objection to such a procedure.
R.S. 15:277 provides:
"A leading question is one which suggests to the witness the answer he is to deliver, and though framed in the alternative, is inadmissible when propounded to one's own witness, unless such witness be unwilling or hostile."
This provision only permits the use of leading questions when examining one's own witness after a showing that the witness is not willing to testify or hostile.
*797 Assuming arguendo that the ruling of the trial court was erroneous, such a ruling constitutes reversible error only where it results in prejudice to the defendant. While counsel should not be permitted to mold the testimony of his witness by putting words into the mouth of that witness, a verdict should only be disturbed on that ground where there was clear abuse calculated to prejudice the rights of the accused. See State v. Allemand, 153 La. 741, 96 So. 552 (1923). The record before us does not contain the testimony allegedly elicited by leading questions. We cannot say that the ruling of the trial court prejudiced the accused.
This bill is without merit.

Bill of Exceptions No. 10
This bill was reserved when the trial court permitted a State's witness who had not been placed under sequestration and who had attended the trial to testify on rebuttal over objection. C.Cr.P. 764.
It is within the sound discretion of the trial court to determine whether a witness who is not placed under sequestration or who violates an order of sequestration may testify. State v. Browning, 290 So.2d 322 (La. 1974); State v. Lewis, 288 So.2d 324 (La.1974); State v. Neal, 275 So.2d 765 (La.1973).
The purpose of C.Cr.P. 764 is to insure that a witness will testify as to his own knowledge of the case without being influenced by the testimony of other witnesses. State v. Lewis, supra; State v. Raymond, 258 La. 1, 245 So.2d 335 (1971); State v. McAllister, 253 La. 382, 218 So.2d 305 (1969).
The witness, the wife of the victim, was called to testify as to what apparel the victim was wearing when last she saw him. This testimony was an attempt to rebut certain testimony concerning the apparel worn by the victim at the time he was killed. The witness did not testify concerning the clothing worn by the victim at the time of his death.
In view of the indirect and collateral nature of the testimony of the witness the purpose of sequestration was not thwarted and we cannot say that permitting the witness to testify was an abuse of discretion.
This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] A total of twelve bills were perfected; however, Bills Nos. 4, 5, 7, 8, 9, 11 and 12 are neither briefed nor argued and are deemed abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).