338 So.2d 1372 (1976)
STATE of Louisiana
v.
Mike BAKER.
No. 57758.
Supreme Court of Louisiana.
November 8, 1976.
*1373 Robert E. Piper, Jr., Huckaby, Piper & Brown, Shreveport, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., B. Woodrow Nesbitt, Jr., Asst. Dist. Atty., for plaintiff-respondent.
SUMMERS, Justice.
Relator, Mike Baker, was convicted after a bench trial of possession of marijuana. La.Rev.Stat. 40:966. After a sentence to pay a fine of $300 and serve two months in the parish jail, on his application we granted writs to review the conviction and sentence. La., 332 So.2d 865.
Three issues are presented for review. The first involves the trial judge's refusal to grant relator's motion to suppress the marijuana seized based on the contention that relator was stopped without legally sufficient cause, and the warrantless search and seizure which followed were therefore unconstitutional. Second, relator argues that the evidence did not warrant a finding that he was in constructive possession of the contraband. The third issue involves a ruling refusing to allow the testimony of a defense witness who violated a rule of sequestration. A fourth issue relating to the denial of bail has been rendered moot.

I
On October 6, 1975 Officers Des Marias and McGaha of the Shreveport Police Department were on routine patrol, traveling on Kennedy Drive in the vicinity of Broadway and Evers Streets in Shreveport. From a side street they heard the sound of squealing auto tires and loud exhaust noises. One of the patrolmen had a brief view of a blue Mustang as he glanced in the direction of the noise. They circled the block and returned to Kennedy entering behind the blue Mustang which had entered Kennedy in the meantime.
The police followed the Mustang as it traveled ahead of them at a speed of ten miles per hour in a twenty-five mile zone. The driver was observed to be furtively looking in his rear view mirror as the car proceeded in an erratic, swaying course ahead of the patrol car.
Under the circumstances the officers decided to stop the Mustang. They signaled the driver to stop, and when he did they parked to the rear of the Mustang, stepped out of the patrol car and relator stepped out of the Mustang. Des Marias then engaged him in conversation inquiring about the car's title and relator's driver's license. While he talked to relator, Des Marias detected the odor of alcohol on his breath. In the meantime McGaha, from his position on the street near the car, could see wires dangling from beneath the dashboard, an indication that the car may have been started without a key, and could have been stolen. To obtain a better view of the *1374 ignition, he moved closer and noticed a cup of dark liquid and particles of ice which had recently been spilled on the car floor.
When the officers asked relator what he had been drinking, he replied that he had a cup of wine that morning. While the officers peered into the car, relator, according to his own testimony, said, "Hey, you want to search the car, go ahead on and search it because I ain't got nothing to hide. You got my permission to search it."
The officers then saw, in plain view, what appeared to be a marijuana cigarette in the console ash tray. McGaha recovered the cigarette by removing the ash tray, and beneath it found a plastic baggie of marijuana. Relator was then arrested.
Defense counsel argues that the officers had no cause to stop relator and refers to the fact that relator was not charged with any traffic violation. The State replies in brief and argues that the cumulative effect of the squealing tires and loud exhaust, relator's unusually slow driving, his furtive glances in the rear view mirror and the erratic driving from side to side of the street furnished probable cause for the stop. Part of the duties assigned to these officers consisted of checking traffic, and this evidence warranted further inquiry. In the alternative, the State relies upon the defendant's consent to validate the search and seizure.
When relator got out of his automobile there was no handcuffing, deceit, extended interrogation, or other coercive measures. There was no exploitation of the detention resulting from the stop. Defendant himself volunteered permission for the officers to search, and this fact is undisputed.
Therefore, the detention was not exploited in order to obtain relator's consent. To the contrary, his consent was voluntary and unsolicited. As we held in State v. Cox, 330 So.2d 284 (La.1976), it is not necessary to inquire into the validity of the detention when it has no effect upon the volunteered, unequivocal and specific consent given without duress or coercion, actual or implied. In that circumstance, the consent is sufficient to validate a warrantless search and seizure. The facts of the instant case fall within these standards.

II
Relator argues that the record does not support a finding that he had constructive possession of the marijuana. Such a finding, it is contended, requires proof of dominion and control of the vehicle containing the drug, together with proof of knowledge that the drug was there.
As the trial judge found, relator undoubtedly had control and dominion of the car, although, conceding that the car belonged to his brother, the control and dominion may have been temporary. Evidence of this is found in relator's testimony that his tape player had been installed in the car but had been removed for repairs. The marijuana cigarette found in the open ash tray in plain view was further evidence to establish knowledge of the presence of contraband. Anyone driving the Mustang could hardly avoid seeing that "roach", just as it was observed by the officer who leaned in at the car door to check the ignition and spilled cup on the floorboard.
Knowledge must invariably be proven by circumstantial evidence, and the noted facts amounted to some evidence upon which the trier of fact could reach the conclusion that relator knew the marijuana was in the car. On this review, the Court is concerned with questions of law. The finding of the trial judge on this factual issue will not be disturbed.
The controlling rule of law is well-stated in State v. Alford, 323 So.2d 788 (La.1975):
"Under our law, an individual need not personally possess a drug to violate a law against its illegal possession, because constructive possession is sufficient. But for a person to constructively possess a drug it must be subject to his dominion and control, and he must have knowledge of its existence. If the state has presented some evidence of these elements, then this Court will not reverse a trial court's denial of defendants' motion for a directed *1375 verdict. State v. Ford, 315 So.2d 276 (La.1975); State v. Douglas, 278 So.2d 485 (La.1973)."
This assignment is without merit.

III
Prior to the commencement of trial, defense counsel moved for the sequestration of the witnesses. The motion was granted, and the witnesses present were instructed. Later it was discovered that relator's brother, Ike Baker, had been present in the courtroom during the morning of the trial while Officer Des Marias was testifying. Ike Baker was called to testify on behalf of the defendant, and the State objected that the rule of sequestration had been violated. The objection was sustained.
In denying the witness the right to testify (apparently, according to defense brief, on the issue of ownership of the car, and, possibly, to shed some light on the presence of contraband in the vehicle) the trial judge found a violation of the rule of sequestration. He was of the opinion, moreover, that Ike Baker's testimony would not be worthy of belief, because he denied that he was present in court during Officer Des Marias' testimony when the evidence satisfied the judge that he was in fact in the courtroom during that time.
Whether a witness should be permitted to testify when he was violated the rule of sequestration is a matter which addresses itself to the sound discretion of the trial judge. La.Code. Crim.Pro. art. 764; State v. Washington, 294 So.2d 794 (La.1974).
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., dissents and assigns reasons.
DIXON, J., dissents. The initial stop was without probable cause.
CALOGERO, J., dissents and assigns reasons.
DENNIS, J., concurs. The detention was not unlawful.
TATE, Justice (dissenting).
I respectfully dissent.
The defendant was convicted of possession of marijuana. A marijuana roach was found in the ashtray of the vehicle belonging to the defendant's brother and, when the ashtray was removed, some more marijuana was found hidden underneath it.
The defendant was denied the testimony of his brother. The defendant is accused of the "constructive" possession of the marijuana butt found in the ashtray of his brother's automobile and of marijuana hidden underneath it. The testimony of the brotheras to the vehicle's ownership and as to possible explanations for the presence of this contraband in his (not the defendant's) motor vehicleis thus of crucial importance to his defense of lack of guilty knowledge or of constructive possession of the marijuana in the automobile.
Our majority upholds the ruling of the trial court. It denied the defendant the testimony of this important witness because the witness had violated a sequestration order.
However, as held in Barnard v. Henderson, 514 F.2d 744 (CA5, 1975), a defendant is thereby denied a fair trial when a key witness on his behalf is prevented from testifying because of a technical violation of a sequestration order without shown connivance or bad-motive on the defendant's part. This court was reversed in Barnard for blindly affording untrammelled discretion to the trial court to exclude defense witnesses under such circumstances.
The writer also has grave reservations as to the correctness of our ruling affirming the denial of the motion to suppress. The circumstances of the police stop of the defendant's vehicle do not indicate factual cause for any reasonable belief of past or prospective law violation: That a driver proceeding at a lawful speed watches ("furtively" or otherwise) a police vehicle closely following him, does not, it appears to me, connote guilty conduct.
A search pursuant to an illegal stop is invalid, State v. Lawson, 256 La. 471, 236 *1376 So.2d 804 (1970), as is a "consent" which is its product, State v. Lawson, cited above, Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).
CALOGERO, Justice (dissenting).
The majority finds no error in the trial court's ruling that Ike Baker, defendant Baker's brother, could not testify for his brother because he had inadvertently been present in the courtroom in violation of the judge's sequestration order. Although there is no question that the young man was present in the courtroom for a very short time during part of the testimony of one state witness and that his presence violated the judge's order to have the witnesses sequestered, it is also clear that this young man was not in the courtroom at the beginning of the trial when the order was given, that he was never told about the order by his brother's attorney or anyone else, that he was in the courtroom for only about ten minutes, that his testimony could not have been at all affected by the testimony he heard, and that neither defendant nor his counsel realized that he had entered the courtroom.
This particular witness was crucial for the defendant's case because it was he who owned the car in which the marijuana was found which formed the basis of defendant's prosecution. The marijuana in question was discovered by police in a bag beneath an ashtray, a place which could not be seen by the operator of the vehicle and which was discovered by officers only when they removed the entire ashtray and looked beneath it.
The sixth amendment to the United States Constitution, made applicable to the states by the fourteenth amendment, guarantees the right of a criminal defendant to compel the attendance of witnesses on his behalf, and Article I, section 16 of the Louisiana Constitution of 1974 guarantees an accused this right as well as the right to present a defense in his behalf. When a crucial defense witness has been prevented from testifying because of an inadvertent and momentary violation of a sequestration order during testimony which is in no way related to the testimony he was to offer, I believe that defendant Baker's constitutional rights were violated at his trial, and I respectfully dissent.