356 So.2d 986 (1978)
STATE of Louisiana
v.
Leon ANGEL.
No. 60815.
Supreme Court of Louisiana.
March 6, 1978.
Rehearing Denied April 6, 1978.
*987 C. R. Whitehead, Jr., Whitehead & McCoy, Natchitoches, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., S. Michael Henry, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
After an adverse ruling on his Motion to Suppress tangible evidence, defendant pleaded guilty to possession of marijuana with intent to distribute and possession of cocaine. In pleading guilty, defendant reserved his right to seek appellate review of the ruling on his motion to suppress. See State v. Crosby, La., 338 So.2d 584 (1976). The court sentenced defendant to three years' imprisonment on each charge, the sentences to run concurrently.
In his Motion to Suppress, defendant alleges that the evidence seized was the product of an illegal arrest and unconstitutional search.
The arrest, search, and seizure complained of occurred in the following factual context:
Officer Delphin of the Natchitoches Police Department received information on November 30, 1976, from a confidential informant that two men, Timothy Koen and Timothy Mosley, would drive a 1966 red Ford pickup truck to Natchitoches. The informant gave the license number of the truck to Officer Delphin and alleged that the truck would contain a large quantity of marijuana, cocaine, and quaaludes. Officer Delphin checked the license number given to him and found that the truck belonged to Mosley. According to the informant, the truck was to arrive either on December 1st or 2nd at either 225 Duplex Street or the University Shopping Center in Natchitoches.
Officers Delphin and Dison "staked out" the area described by the informant from about 3:30 to 10:00 p. m. on December 1, 1976. The "stake out" was fruitless.
The same informant again called Officer Delphin on December 2nd and told the officer that the truck would be arriving in Natchitoches that day at 225 Duplex Street. At this time, the informant told Officer Delphin that a blue or blue and white Ford car would be following the truck. At approximately 8:00 p. m. that same day, the informant again called Officer Delphin and told him that the driver would be Leon Angel, the defendant.
On the basis of this information, Officer Delphin and five other officers undertook a surveillance of the Duplex Street address and University Shopping Center areas. An officer near the University Shopping Center observed the pick-up truck and Ford automobile drive into the shopping center. After one of the individuals made a telephone call from the shopping center, the two vehicles proceeded to 225 Duplex Street and parked the vehicles.
When the three individuals alighted from their vehicles, the policeman approached them, frisked them, and required them to *988 lie on the ground and be handcuffed. They were advised that they were under investigation for possession of narcotics and were advised of their Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), "rights." After informing him that he could refuse to give his permission, the officers asked Mosley for permission to search the truck he was driving. Although Mosley gave his oral permission at this time, the police did not search the vehicle on the scene. Rather they had the truck and the car towed to the police station.
At the police station, the police again informed Mosley of his rights and requested his permission to search the truck, once again advising him of his right to refuse permission. He then gave his consent in written form. The police asked Angel, the present defendant, for permission to search the Ford automobile he had been driving. Stating that they would have to obtain a search warrant for his vehicle, he refused permission.
The search of the truck yielded various types of drugs in suitcases. The police also found quaalude tablets, and a substance thought to be cocaine on Mosley and several marijuana cigarettes on another defendant. At this point, Officer Dison applied for a search warrant to search defendant's automobile on the basis of the following affidavit:
"THAT A SEARCH WARRANT SHOULD BE ISSUED FOR THE SEARCH OF A 1975 Ford Elite bearing Texas license # MLA 795 being driven by Leon Angel
FOR THE FOLLOWING REASONS:
"Today the 2nd of December Officers Delphin and I received information that a large quantity of Cocaine and Marijuana was being brought to Natchitoches tonight from Shreveport. This information was obtained from a confidential reliable informant. The informant also said they were to bring the drugs to 225 Duplex St. in the city of Natchitoches. The informant described the vehicle as being a red pick up truck and a Ford car.
"A surveillance of the house was begun at approximately 9:00 P.M. At 11:20 P.M. a truck and a car were observed stopping and parked in front of 225 Duplex. These subjects were taken into custody and brought to headquarters. The vehicles were also brought there.
"A large amount of Cocaine was found on the person of Timothy Mosley the driver of the truck. Marijuana was found Timothy Koen, a passenger in the truck. A brief case belonging to Koen was also searched and revealed a large amount of Cocaine.
"Due to the information and the drugs being found on the first two subjects, it is our belief that illegal drugs are being concealed in this car. Leon Angel was asked to give us permission to search his car but he refused."
The search of defendant's automobile pursuant to a warrant, issued on the basis of the above affidavit, produced a large quantity of marijuana and other drugs in suitcases.
Defendant argues that the trial judge erred in denying his motion to suppress on the grounds that: (1) the subjects' arrests were illegal; and (2) any evidence obtained after the illegal arrest was "fruit of the poisonous tree" and rendered any warrant to search his automobile fatally defective.
We agree that defendant's original arrest at 225 Duplex Street was illegal. The three individuals were taken into custody on Duplex Street; this constituted arrest. LSA-C.Cr.P. art. 201. At the time defendant and his two associates were arrested without a warrant, no probable cause existed for an arrest. State v. Joseph, La., 351 So.2d 1162 (1977), and cases therein cited. Defendant, however, is in error in contending that any search made after an illegal detention or arrest is, per se, invalid.
A valid consent to search is a well recognized exception to the requirement of a valid search warrant; a search pursuant to a voluntary consent need not be based on probable cause. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). We have heretofore *989 determined that a voluntary consent to search, given after an illegal detention, is valid under circumstances which show no exploitation of the illegality. State v. Baker, La., 338 So.2d 1372 (1976); State v. Cox, La., 330 So.2d 284 (1976). The rationale of this exception to the general rule that information received after an illegal detention or arrest is inadmissible [State v. Joseph, La., 351 So.2d 1162 (1977); State v. Culotta, La., 343 So.2d 977 (1976)] is clear: there is no reason to distinguish, as a matter of law, between the coercive effect of an illegal arrest, a legal arrest, or police action under color of authority, since it is the voluntariness of consent which is decisive. See Armwood v. Pepersack, 244 F.Supp. 469 (D.C.Md.1965), U.S. cert. denied 385 U.S. 1028, 87 S.Ct. 756, 17 L.Ed.2d 675, 9 A.L.R.3rd 858, and later case service. Hence, we must determine whether or not Mosley voluntarily consented to the search of the truck which yielded evidence used to procure a search warrant for the defendant's automobile.
A review of the record in this case convinces us that, under the totality of the circumstances, Mosley voluntarily consented to the search of his truck. Immediately after his illegal arrest he was advised of his "rights." The police asked for permission to search the truck and advised Mosley of his right to refuse. Mosley gave oral permission. Despite the permission, the police did not search the vehicle immediately. Instead, they towed both the truck and the automobile to police headquarters. At headquarters, they again advised Mosley of his "rights"; requested permission to search; and informed Mosley of his right to refuse permission. Mosley then signed a "Consent to Search" form. Our finding of voluntariness on Mosley's part is additionally strengthened by the fact that, although Mosley consented to the search of the truck, the present defendant, Angel, refused permission to search the automobile. The evidence of voluntary consent in the record is in no way refuted. Hence, the search of the truck being valid, the evidence seized was properly used to establish probable cause for the search warrant use to search the defendant's automobile. State v. Joseph, supra; State v. Culotta, supra; State v. Baker, supra; State v. Cox, supra.
Having found that the evidence seized from the truck may be used in an affidavit in support of a search warrant, we must now determine if the affidavit quoted above established probable cause for issuance of a search warrant for defendant's automobile.
Louisiana Code of Criminal Procedure Article 162 provides in pertinent part:
"A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant."
State v. Paciera, La., 290 So.2d 681 (1974), cited with approval in State v. Joseph, supra, sets forth the standard for determining the sufficiency of a supporting affidavit based upon informant supplied data:
". . . The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the creditability of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly obtained information. See State v. Linkletter, 286 So.2d 321 (La.Sup.Ct.1973)."
The hearsay information contained in the affidavit [i. e., that given to Officer Delphin by the informant and repeated by Officer Dison in the affidavit] was established to be reliable by the subsequent legal search of *990 the truck which yielded a portion of the drugs described by the informant.[1] Since the informant described the two vehicles which would be traveling in tandem and going to a particular address and the legal search of one, the truck, yielded some of the drugs described by the informant, we find it reasonable for the magistrate to infer as probabilities from the facts in the affidavit that: (1) the three individuals were in a joint operation; (2) the three were "co-conspirators"; and (3) a search of the second vehicle involved in the operation would likewise yield illegal drugs.
Having correctly found that probable cause existed for issuance of the search warrant in this case, the trial judge properly overruled defendant's Motion to Suppress Evidence.
For the reasons assigned, the convictions and sentences are affirmed.
DIXON and CALOGERO, JJ., dissent.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
Timothy Mosley's initial consent to search his truck was given while he was handcuffed and surrounded by police officers and was the product of an illegal arrest. The written consent, given at the police station immediately after the illegal arrest, was obtained through exploitation of the illegal arrest. Under these circumstances the evidence seized pursuant to the search of Mosley's truck could not be used to establish probable cause to search defendant's automobile. Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1976).
I respectfully dissent.

On Application for Rehearing
TATE, Justice (concurring in denial).
If squarely faced with the issue, I would agree with my three dissenting brethren that the initial "consent" secured from Mosley to search his truck was not freely given, he being handcuffed and under illegal arrest. I am further inclined to agree with them that the subsequent written consent, at the police station, was obtained as the result of the exploitation of the illegal arrest; it was thus invalid also. Further, I agree that the search of Mosley's person pursuant to an illegal arrest is inadmissible in evidenceit is not the product of a valid search incidental to a lawful arrest.
However, the issue before us does not concern the admissibility of evidence invalidly seized from Mosley's person or truck. It concerns instead the admissibility of evidence seized by virtue of a search warrant, supported by affidavit valid on its face, from the defendant Angel's automobile. The affidavit correctly states, as part of the probable cause for the Angel search, that drugs were found on Mosley's person and in his truck.
It is true that, if the magistrate had conducted a hearing before issuing the warrant, he might have found that the product of the Mosley searches was invalidly obtained. Nevertheless, as the majority opinion indicates (incorrectly, in my opinion), it is at least arguable that some of the product of the searches was validly obtained by reason of Mosley's consent to the searches of his trucks.
I would therefore not invalidate the search conducted pursuant to a search warrant, because part of the affidavit's showing of probable cause was based upon an arguably valid consent which, after full hearing, could be held invalid (because coerced).
The issue before us primarily concerns, not the legality of the Mosley searches, but rather the validity of the subsequent search of Angel's automobile pursuant to a search warrant, which itself was supported by an affidavit which on its face shows probable cause and which was executed by the police officer without any misrepresentation as to its contents. Ultimately, admitting that the issue is extremely close, I am not prepared *991 to hold that Angel was so adversely affected by the illegal search of Mosley's truck as to require suppression of the product of the search of his own (Angel's) automobile.
Under the circumstances shown, the "causal connection between the initial unlawful conduct and the evidence actually sought to be suppressed has become so attenuated as to dissipate its initial taint, nor are the deterrent policies and individual protections expressed by the constitutional provision [La.Const. of 1974, Art. 1, Section 5] violated by so holding." State v. Culotta, La., 343 So.2d 977, 983 (1976). See also concurring opinion in State v. Joseph, La., 351 So.2d 1162 (1977).
I therefore concur in the denial of the defendant's application for rehearing.
NOTES
[1] We refer here ONLY to the drugs found in the brief case because there is no showing that either Mosley or Koen consented to a search of his person; hence, any evidence seized from their persons would be excluded because of the illegal arrest with which it was associated.