360 So.2d 189 (1978)
STATE of Louisiana, Appellee,
v.
George M. MITCHELL, Appellant.
No. 61445.
Supreme Court of Louisiana.
June 30, 1978.
*190 William B. Lynch, Bossier City, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara A. Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., Roland McKneely, Asst. Dist. Atty., Bossier City, for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of possession of marijuana with intent to distribute, La.R.S. 40:966 A, and sentenced to eleven months imprisonment at hard labor, suspended.
The single assignment of error urged by his appeal alleges that the district court erred in overruling his motion to suppress the marijuana seized from his residence.
The issue so raised concerns whether the defendant's "consent" to a warrantless search of his residence, without probable cause, was invalid as coerced by the governmental agents' exploitation of a prior illegal arrest (itself based upon an illegal search of his automobile).
The uncontradicted evidence of the defendant shows: While on the way to work from his home, the defendant's vehicle was stopped by two police officers. The officers told him that he was suspected of having marijuana in his vehicle. The defendant asked to see their search warrant.
Despite this objection to the search, the officers searched the vehicle without his consent. They found two marijuana roaches in it. They then read the accused his Miranda rights and placed him under arrest.
After the defendant was arrested, the officers told him, "You might as well take us to your house so we can find the other stuff we are looking for." The defendant then (again) asked them to show him their search warrant. They told him, "Well, it wouldn't take us no time to get a search warrant. We can get a search warrant within twenty minutes."
The defendant testified that he then signed a form consenting to the search of his home, since the officers had already searched his vehicle without a warrant and without his consent, had already arrested him, and had already impounded his vehicle and called some office to remove it from the scene.
The trial court sustained the motion to suppress the roaches seized from the vehicle, holding they were the product of an illegal warrantless search. However, the court denied the defendant's motion to suppress the marijuana seized from his residence. It held that the accused had consented to that search (following his arrest) and that the burden was upon him to prove the illegality of the residence search.
Initially, we note that the trial court was in error in allocating the burden of proof in the instant case to the defendant. In State v. Franklin, 353 So.2d 1315, 1318-19 (La. 1978), this court held that "once the defendant makes the initial showing at a motion to suppress hearing that a warrantless search occurred, the burden of proof shifts to the State to affirmatively show that the search is justified under one of the narrow exceptions to the rule requiring a search warrant."
In this case, both the initial search of the defendant's automobile and the later search of his apartment to which he purportedly consented were made without a warrant. The burden was thus on the state to prove that the search came within an exception to the general constitutional prohibition against warrantless searches.
*191 As we recently stated in State v. Angel, 356 So.2d 986, 988-89 (La.1978): "A valid consent to search is a well recognized exception to the requirement of a valid search warrant; a search pursuant to a voluntary consent need not be based on probable cause. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). We have heretofore determined that a voluntary consent to search, given after an illegal detention, is valid under circumstances which show no exploitation of the illegality. State v. Baker, La., 338 So.2d 1372 (1976); State v. Cox, La., 330 So.2d 284 (1976)."
Here, admittedly, the consent was obtained from the defendant immediately subsequent to an illegal arrestillegal since based solely upon a warrantless search of his vehicle, without probable cause and over his objection.
In these circumstances, in determining whether evidence should be suppressed, the issue is whether the defendant's post-arrest act (here, his consent) was the product of his free will rather than the result of an exploitation of his illegal arrest. Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). In deciding this issue, the court should take into account not only whether the governmental officers adequately informed the accused that he need not comply with their request, but also the temporal proximity between the arrest and the act (consent) alleged to be coerced, the presence of intervening circumstances, and the purpose and flagrancy of the official misconduct. Brown v. Illinois, at 422 U.S. 603-04, 95 S.Ct. 2261-62.
By virtually all these tests, the present "consent" to the residence search was coerced from the accused by the arresting officers' exploitation of the illegal arrest immediately preceding. The arrest itself was based upon a warrantless search of his vehicle without probable cause and in flagrant violation of constitutional prohibitions against such searches or seizures of an individual's person or property.
So far as the record shows, the state had no more probable cause to search the accused's house than it did to search his vehicle. Yet the officers informed the accused, immediately after his arrest, that he might as well consent because they could secure a search warrant anyway within twenty minutes.
Considering also that the defendant had just a minute or so earlier been arrested and subjected to a flagrantly unconstitutional search of his vehicle by these same officers, we think that the uncontradicted evidence clearly shows that the defendant's "consent" for the officers to search his residence was coerced through their exploitation of the immediately preceding illegal arrest and unconstitutional search of his vehicle.
In holding the consent valid, the trial court erred by failing to consider the factors relating to the exploitation of the illegal arrest, as well as by incorrectly placing upon the accused the burden of showing the illegality of the warrantless search. This is thus not an instance where the question of consent is an issue of fact primarily depending upon an evaluation of the credibility of witnesses, in review of which the trial court's determination is entitled to great weight upon review. State v. Dunbar, 356 So.2d 956 (La.1978). Rather, it is an instance where the trial court committed an error of law by not applying the appropriate legal principles to essentially uncontradicted testimony.
Accordingly, the conviction and sentence are reversed, and the case is remanded for a new trial in accordance with law.
CONVICTION REVERSED, CASE REMANDED FOR A NEW TRIAL.
SANDERS, C. J., and MARCUS, J., dissent.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
Charged that he possessed marijuana with intent to distribute, George M. Mitchell *192 pled guilty on the basis of a plea bargain in which he reserved the right to appeal the court's ruling denying his motion to suppress. On the guilty plea Mitchell was sentenced to serve eleven months at hard labor, the sentence being suspended and he was placed on three years' active probation, on condition that he serve three months in jail. He appeals on the ground that the trial judge erred in denying his motion to suppress.
On May 5, 1977 Mitchell was driving to the Barksdale Air Force Base where he worked. When he was within one-half block of the entrance to the base he was stopped by two officers of the Bossier City Police. After stopping him the police advised Mitchell that they suspected that he had a large amount of marijuana in his vehicle; whereupon Mitchell asked if they had a search warrant and told them he wanted to see his lawyer. The police then searched his automobile while Mitchell was made to stand at the front of the vehicle. They found two marijuana "roaches". Mitchell was then advised of his rights and placed under arrest.
Thereafter the police told Mitchell "you might as well take us to your house so we can find the other stuff we are looking for." Again Mitchell asked the officers to see their search warrant. They had no warrant but they told Mitchell it wouldn't take long to get onetwenty minutes. The police also said at that time that they had called to have his vehicle picked up and impounded. When they asked him if he objected if they searched his vehicle and asked him to sign the permission to search form, he agreed realizing they would get the search warrant "anyway". The consent to search included the right to search his automobile and apartment.
One of the officers then drove with Mitchell while the other officer followed in another car to Mitchell's apartment. There a search was conducted of the apartment in Mitchell's presence and a quantity of marijuana was found and seized.
Before his guilty plea Mitchell filed a motion to suppress in which he alleged that the search and seizure were unreasonable and in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Louisiana Constitution. The pertinent ground of that motion alleged that defendant's valid consent to this search was not obtained.
The facts recited are derived from the testimony of Mitchell who was the sole witness at the motion to suppress. After hearing this evidence the trial judge observed that he was concerned with the motion to suppress as it related to the quantity of marijuana obtained by the police as a result of the search of Mitchell's apartment, agreeing that the search of Mitchell's automobile and seizure of the roaches there was invalid. In ruling on the validity of the search of the apartment and addressing the issue of the validity of the written permission to consent, he said:
"Now, he has not attacked the validity of this Permission to Searchthe defendant himself has not attacked that nor did he indicate that he was forced to sign it in any manner. He did merely state that the officers said that they could get a search warrant. The motion to suppress is overruled."
Because he had the opportunity to observe the only witness who testified on the motion to suppress, the witness' demeanor and credibility would be of extreme importance to a full understanding of his testimony. In State v. Dunbar, 356 So.2d 956 (La.1978), this Court, recognizing the great weight to be accorded the decision of the trial judge on the issue of consent to a search, set forth the standards to be observed on appellate review:
"Questions of consent are issues of fact, dealing as they do with witness credibility. The determination of a trial judge, who has the opportunity to hear and observe the witnesses, is entitled to great weight on review. The fact that a person was not warned of his or her rights to refuse entry, while a significant factor in determining whether consent was given, is only one factor in determining the voluntary nature of consent. Under the circumstances *193 of this case, we cannot say that the trial judge erred in finding that the state had carried its burden of showing that the entry fell upon the exception to the warrant requirement which allows a lawful search without a warrant on proper consent."
And it is not correct to say that a consent to search is invalid if it is obtained while the party giving consent is under arrest. Here, before he signed the consent form, Mitchell was advised of his rights. This means he was given the Miranda warnings. Although not introduced in evidence at the suppression hearing according to the transcript, both the Miranda warning and permission to search forms, signed by Mitchell, were filed in the record on the day of the hearing. In State v. Andrus, 250 La. 765, 199 So.2d 867 (1967), this Court, relying upon a number of decisions from diverse jurisdictions held that the fact that the consent was given while the defendant was under arrest does not itself render the consent involuntary.
This record does not support a finding that the trial judge committed reversible error. There is no intimation in this record that the police sought to intimidate, coerce or force Mitchell to consent. It is true that they did point out to him that they could get a search warrant in a short time if he did not sign, but this did not render his consent involuntary. Mitchell, from this record, appeared knowledgeable and was aware of his rights under the circumstances. It is apparent that he simply reconciled himself to the fact that if he didn't consent the warrant would be obtained "anyway", a purely voluntary and rational decision.
I would uphold the finding of the trial judge that Mitchell's consent was voluntary.