YELVERTON, Judge.
Defendant, Oscar Gandy, pleaded guilty to cultivation of marijuana in violation of LSA-R.S. 40:967(A), reserving his right to appeal the denial of a motion to suppress.
On appeal he contends that the 19 marijuana plants seized by Sheriff’s deputies should have been suppressed because no search warrant was obtained and the seizure was not subject to any of the exceptions to the warrant requirement.
The testimony at the hearing on the motion to suppress reveals the following un-contradicted facts: Deputy Sheriff Larry Smith learned from an informant that some marijuana plants were growing in Gandy’s backyard. The next day, July 28, 1981, Smith and another deputy, Spurgeon, without a search warrant went to Gandy’s house in Leesville where they were met by Gandy at the front gate. Smith gave Gandy his Miranda rights which the testimony indicates he understood. Smith then advised him that they had information marijuana plants were growing in a silver dishpan at the corner of the rear of his house. Gandy immediately admitted that the plants were there and invited the officers in to see them. The officers did not ask permission to search. After taking the officers to the plants Gandy told them they were his and that he was growing them. The plants were seized and he was then placed under arrest.
Defendant concedes that a search conducted pursuant to a valid consent is constitutionally permissible. Defendant contends his consent was not valid because it was induced by disclosure of an anonymous tip which itself was not shown to meet the standards of probable cause. We reject this contention. It is settled that a search pursuant to a voluntary consent need not be based on probable cause. State v. Angel, 356 So.2d 986 (La.1978).
Defendant also argues that the State must prove a knowing and intelligent consent. We reject this contention also. A valid consent does not depend upon a knowing and intelligent waiver of the constitutional right to be protected against unreasonable searches and seizures. Schneckloth v. Bustatnonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).
The State had the burden of proving that the consent was, in fact, freely and voluntarily given. State v. Johnson, 380 So.2d 32 (La.1980). The trial court in the instant case analyzed all the circumstances of the consent and determined that it was voluntary. Based on our examination of the testimony presented at the hearing on the motion to suppress, we agree with the District Court that the State met its burden of proving that the consent to search was free and voluntary. The motion to suppress was properly denied.
AFFIRMED.