**Roger Ibarra GARZA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24341.**

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1967.

**900**

Roman Gutierrez, Laredo, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Morton L. Susman, U. S. Atty, Ronald J. Blask, Donald L. Stone, Asst. U. S. Attys., Houston, Tex., for appellee.

Before WISDOM, THORNBERRY and GOLDBERG, Circuit Judges.

THORNBERRY, Circuit Judge.

Appellant, Roger Ibarra Garza, was convicted by a jury of importing and concealing heroin in violation of 21 U.S.C. § 174.[1] A ten-year sentence, concurrent on two counts, was originally imposed but was later reduced to seven years. The single issue raised by this appeal is sufficiency of evidence.

At 6:30 P.M. on March 16, 1966, a customs inspector saw appellant and a man named Cornelius crossing in a taxi from Roma, Texas to Ciudad Aleman, Tamaulipas, Mexico. Because of their appearance and demeanor, the inspector became suspicious and relayed his suspicions to a customs agent and to the inspector who relieved him. The agent discovered an abandoned car in Roma and traced its ownership to Fort Worth, Texas where Garza was suspected of dealing in narcotics. At 12:30 A.M. on March 17, Garza crossed back to Texas on foot. No inspector saw Cornelius return from Mexico. Appellant got in the car previously mentioned, drove three miles out of town, made a "U" turn, returned to the city, and drove to a dead-end known as a narcotics pick-up point near the Rio Grande River. He then stopped and turned off his lights for ten minutes. As he drove away, agents for the first time saw two people in the car. Abount ninety miles north of Roma near Freer, Texas, the car pulled off the road; and when two customs officers approached, Garza and Cornelius were standing beside it. Cornelius was holding a bag of heroin. Inspection of the car revealed the following items: A loaded twenty-two caliber revolver; a hunting knife; an empty bag similar to the one containing heroin; two pieces of cotton; particles of what appeared to be heroin adhering to the dew on the right front door; a spoon; a bottle of rubbing alcohol; and a bottle of Murine eye fluid. A needle cleaner was found in Cornelius' wallet.

Garza admitted that he had used heroin. He also acknowledged a past

---

1. The first paragraph of 21 U.S.C. § 174 describes the offense:

> Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, * * *. [penalties]

The second and final paragraph discusses the possession presumption:

> Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.

The relevant section of 18 U.S.C. § 2 (Principals) is as follows:

> (a) Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal.

arrest for assault and past arrests for investigation of narcotics violations. He testified that he and Cornelius agreed to come to the border, but he denied any knowledge of the presence of heroin in the car or of Cornelius' desire to transport heroin. Cornelius likewise stated that Garza knew nothing about the heroin. Both said that they had separated to visit the "red light district" of Ciudad Aleman, that Cornelius had returned to the car before Garza and had gone to sleep in it, and that Garza had driven near the river in search of a filling station. Once near the river, Garza allegedly attended a call of nature and then awakened Cornelius.

 A prima facie case for violation of 21 U.S.C. § 174 is established by possession of narcotics. "Possession" within the meaning of the statute may be either actual or constructive, constructive possession being dominion and control over the illegal drug. Such possession need not be exclusive, but may be shared with others, and is susceptible of proof by circumstantial as well as direct evidence. See Smith, Jr., et al. v. United States, 5th Cir. 1967, 385 F.2d 34, November 8, 1967, and authorities cited therein. The district court charged the jury in accordance with these principles. Appellant, however, contends that the evidence does not justify application of the statutory presumption in his case because Cornelius had actual possession of the heroin at the time of arrest and also because Cornelius testified that his companion knew nothing about the heroin. Considering the case most favorably to the Government, as we must, we find that Garza's history and conduct, as well as the presence in his automobile of items related to the use of narcotics, constitute a sufficient evidentiary basis for a finding of possession.

Even without benefit of the statutory presumption of possession, there was sufficient evidence for the jury to find that appellant knowingly facilitated the transportation and concealment of illegally imported heroin. See Mendoza v. United States, 5th Cir. 1966, 365 F.2d 268. From the facts of the case, especially from appellant's tactic of driving outside of Roma and then returning to the river, the jury could have inferred that he knew heroin was being illegally imported and that he knowingly facilitated its transportation and concealment.[2] Moreover, the evidence justifying conviction on this ground would also justify conviction under the aider and abettor statute, 18 U.S.C. § 2. The jury was so charged.

No contentions other than sufficiency of evidence having been raised, we accordingly

Affirm.

---

2. We believe that our construction of 21 U.S.C. § 174 and 18 U.S.C. § 2 is consistent with the court's construction of these statutes in United States v. Jones, 2d Cir. 1962, 308 F.2d 26. In that case, the Second Circuit, sitting en banc, emphasized that where the presumption of possession cannot be applied, it must be shown that the defendant had knowledge of illegal importation.