505 F.2d 94
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Norman CHRISTIAN and Teresa Hudson a/k/a Patricia
Ann Barnett a/k/a Patty Barnett, Defendants-Appellants.
No. 74-1798 Summary Calendar.*
*Rule 18, 5 Cir., See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 13, 1974.
 
 William B. Seidel, Ft. Lauderdale, Fla. (Court-appointed), for defendants-appellants.
 Robert W. Rust, U.S. Atty., Dougald D. McMillan, Trial Atty., U.S. Dept. of Justice, Miami, Fla., for plaintiff-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 Appellants were convicted of importing 2,382 pounds of marihuana into the United States in violation of 21 U.S.C. 952(a) and possession of this marihuana with intent to distribute in violation of 21 U.S.C. 841(a). Two other codefendants were acquitted. Christian was sentenced to two 4-year consecutive prison terms; Hudson to two 3-year concurrent terms. Both appellants received mandatory two-year special parole terms.
 
 
 2
 On appeal, Christian and Hudson contend that there was insufficient evidence to sustain their convictions, and that they cannot be validly convicted of knowingly and intentionally importing a controlled substance because at the time of apprehension their navigational course, if maintained, would have carried them away from the United States.
 
 
 3
 In determining the sufficiency of the evidence, the test is whether, taking the view most favorable to the Government, a reasonably minded jury could accept the relevant evidence as adequate and sufficient to support the conclusion of defendant's guilt beyond a reasonable doubt. See United States v. Warner, 5 Cir., 1971, 441 F.2d 821, 825, cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1941). The evidence against appellants was sufficient for a jury to conclude that both Hudson and Christian had possession of the contraband with intent to distribute.
 
 
 4
 An examination of the record shows that: On November 2, 1973, federal agents observed the trimaran sailboat POMPERO[1] off the western tip of Cuba, heading north. The POMPERO had departed Jamaica on an eight-day voyage on October 28. Two days into the voyage, the POMPERO met another boat at sea at which time a number of bags were loaded from this boat into the cabin of the POMPERO.
 
 
 5
 On November 6, the POMPERO was located twelve miles off the west coast of Florida, heading in a southeasterly direction toward the Coast. When the boat moved within two miles of the Florida Coast, customs agents and Drug Enforcement Administration agents travelling in two high-speed boats began an interception operation. As the government boats approached, agents identified themselves using a loudspeaker. When the vessel failed to stop, officers fired warning shots across the POMPERO'S bow. Appellant Christian was observed at the POMPERO'S controls. The POMPERO finally collided with a government vessel and was halted some three hundred yards from shore.
 
 
 6
 Agents then called for everyone on board to come out. Hudson emerged from the cabin. Several minutes later, Christian came out. The only other persons aboard were two Jamaican laborers who had been hired by Christian to paint the boat. They were later acquitted of all charges.
 
 
 7
 Agents boarded the sailboat to conduct a customs search. Thirty-seven burlap sacks containing 2,382 pounds of marihuana were discovered in the cabin.
 
 
 8
 We have held that possession of, or dominion and control over, contraband may be proven by evidence that the defendant (1) was in control of a vessel (2) which he knew to contain contraband. See United States v. Lacouture, 5 Cir., 1974, 495 F.2d 1237. Christian was in control of the POMPERO, was aware of the huge quantity of marihuana aboard, and refused to stop when agents identified themselves. These factors provided the jury with an ample basis from which to infer its guilty verdict.
 
 
 9
 Hudson alleges that she comes within the 'passenger exception' to the general rule that one who has dominion and control of a vehicle has possession of its contents. The passenger exception is based on the concept that 'mere presence is insufficient to prove possession'. See Williams v. United States, 5 Cir., 1966, 361 F.2d 280, 281. 'However, where there is a rational basis for attributing an interest in the contraband to the passenger because of his relationship to the driver, his attitude, conduct or other probative circumstances, the trier of fact can infer sufficient knowledge to sustain a conviction for possession.'; United States v. Hood, 9 Cir., 1974, 493 F.2d 677, 681.
 
 
 10
 Hudson took an eight-day sailing trip with Christian and was identified as Mrs. Christian at the trial. The absence of any evidence that they were husband and wife at the time of the alleged offense tends to negate any inference that Hudson was aboard the boat under marital obligation or compulsion. The large number of sacks of marihuana in plain view in the cabin provided the jury with an overwhelming basis for its conclusion that Hudson was more than a passenger and had the required relationship to the contraband sufficient to sustain her conviction for possession and importation. This Court has held that proof of a passenger's knowledge of the presence of marihuana in a vehicle is sufficient to support a jury's finding of possession. See United States v. Canada, 5 Cir., 1972, 459 F.2d 687. Thus, this is not a case where mere presence at or proximity to the location of illegal substances is the sole factor upon which a conviction was obtained. In addition to Hudson's presence on the boat, the length of the voyage, the relationship between Christian and Hudson, and the large quantity of marihuana involved which made it indisputable that Hudson had knowledge of the contraband were factors the jury was entitled to consider in assessing guilt or innocence. Moreover, we note that the court gave an 'aider and abettor' instruction. 18 U.S.C. 2. The jury could reasonably have concluded from the circumstances that she gave support and assistance to the commission of the crime. Under this view of the facts, Hudson is still punishable as a principal. 18 U.S.C. 2(a).
 
 
 11
 Appellants' second contention is likewise without merit. Appellants question the validity of their convictions on the ground that they were headed away from the United States when intercepted and had inadvertently navigated too close to shore.
 
 
 12
 However, the court clearly informed the jury that importation must be knowing and intentional. The evidence shows that appellants made a long journey from Jamaica, around Cuba, to the United States in a sailboat equipped with sophisticated navigation instruments. When the POMPERO reached a point some two miles offshore, it dropped its sails and temporarily came to a stop. These facts supply a solid basis for the jury's conclusion that the POMPERO'S entry into Florida waters was intentional and not inadvertent.
 
 
 13
 The significant test is that the POMPERO-- loaded with marihuana-- entered the territorial waters of the United States before interception began. This is importation into the United States. See 18 U.S.C. 5; 'The term 'United States', as used in this title in a territorial sense, includes all the places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone.'; United States v. Ingham, 5 Cir., 1974,502 F.2d 1287.
 
 
 14
 Affirmed.
 
 
 
 [1]
 There is a discrepancy as to the correct 2. spelling of the saiboat's name. It appears 3. throughout both the record and the briefs as 4. either PAMPERO or POMPERO