353 So.2d 255 (1977)
STATE of Louisiana
v.
Lawrence LITTLE.
No. 60090.
Supreme Court of Louisiana.
December 19, 1977.
John A. Occhipinti, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Defendant Lawrence Little was charged by bill of information with possession of heroin. La.Rev.Stat. 40:966. He waived trial by jury. After a bench trial he was found guilty and sentenced to imprisonment for ten years. Two assignments of error are urged on this appeal.

Assignment 1
It is contended on behalf of defendant that the heroin and other objects obtained as a result of a search and seizure were improperly admitted in evidence because there was no evidence that defendant ever possessed the prohibited substance. And it *256 was error for the trial judge to deny a directed verdict.
On September 27, 1974 Officer W. Schultz, together with Officers R. Venezia, Brady and Barrere executed a search warrant on a residence at 8604 Spruce Street in the city of New Orleans. The search warrant was obtained as a result of a surveillance of that locality on September 20 and 26. At approximately 3:00 o'clock on September 20 Officer Schultz received information from a confidential, reliable informer who had given him information in the past which resulted in the arrest and conviction of narcotic offenders in New Orleans.
Based upon the informer's call, a surveillance of the house at 8604 Spruce Street was established. At 4:20 that afternoon Officer Schultz observed the defendant Little seated on the porch steps. After a while another Negro male walked up to the porch, approached Little and handed him money. Little then, without knocking, walked inside while the other man sat on the steps. Shortly thereafter Little reappeared at the door and beckoned to the visitor who met him at the door. Little handed him an object which the visitor placed in his mouth and walked hurriedly away.
About forty-five minutes later another Negro male rode up to the residence on a bicycle and approached Little, who, in the meantime, had returned to his seat on the porch steps. He too handed money to Little. Again Little entered the house, reappeared a short time later and called to the cyclist. When the cyclist met him at the front door Little handed him an object which the cyclist placed in his right sock. He then mounted the bicycle and rode away. Little walked into the house and did not reappear.
At 5:30 another Negro male arrived at the Spruce Street address and knocked on the door. The door was opened and a short conversation took place between the visitor and someone who had opened the door from the inside. Then, about forty-five minutes later, Schultz's confidential informer knocked at the door, the door was opened by someone inside and a brief conversation ensued. The informer then departed.
Officer R. Venezia also participated in a surveillance of the house on Spruce Street. With information obtained from Officer Schultz and others on September 20, he conducted a surveillance on September 26. Beginning at approximately 12:45 that afternoon Little made several short excursions to and from the house on a bicycle. Each time upon returning he re-entered the house without knocking. When he first left on the bicycle it was parked in an alleyway on the side of the house.
As a result of their investigation the police obtained a search warrant and searched the house on September 27. They found a matchbox containing 21 tinfoil packets of heroin behind a cupboard in the kitchen and an eyedropper and disposable needle in the cupboard. A .22 caliber Rohm revolver, five bullets and $175 in currency were found in a drawer in the bedroom. These objects were seized. Little was arrested thereafter in a neighborhood barroom.
The objects found in the house were introduced as evidence at the trial. During the trial Officer Venezia examined Little's arms and stated that there were track marks on Little's left arm, indicating that he had injected into that arm "numerous times."
Denial of a motion for acquittal in a bench trial is based upon a finding that the evidence is insufficient to sustain a conviction. La.Code Crim.Pro. art. 778. A ruling by the trial judge on such a motion may not be reversed on appeal unless there is no evidence of the crime or an essential element thereof or the denial is a palpable abuse of discretion.
In narcotic prosecutions possession may be actual or constructive. Constructive possession is based upon evidence that the substance was subject to defendant's dominion or control, even if actual possession was not shown. State v. Marks, 337 So.2d 1177 (La.1977); State v. Mims, 330 So.2d 905 (La.1976); State v. Baker, 338 So.2d 1372 (La.1976); State v. Knight, 298 So.2d 726 (La.1974).
*257 Defendant's apparent "at home" attitude on different occasions and actions at the house where the narcotics were found; his covert conduct with a number or persons on the front porch indicating narcotic transactions; his short bicycle excursions to and from the house; the presence of "track marks" on his arm; and the confidential informer's advice to Officer Schultz that defendant had sold heroin to him at the house on Spruce Street together furnish adequate proof that defendant had free access to the house and that he was knowingly trafficking in narcotics from that locality.
This assignment is without merit.

Assignment 2
There is no merit to the defense contention that the trial judge committed error in refusing to allow the defendant to traverse the allegations made in the search warrant affidavit and in refusing to compel the State to disclose the identity of its confidential informant.
In order to traverse an affidavit and compel the disclosure of the State's confidential informer referred to in an affidavit used to obtain a search warrant it is necessary for the defendant to demonstrate a genuine issue to enable the court to regulate the proof, and to allow the State an opportunity to produce the evidence relevant to the issue. State v. Giordano, 284 So.2d 880 (La.1973).
No such showing was made in the instant case. Defendant's amended motion to suppress relates only that "the warrant is invalid and unlawful in that the affidavit upon which the warrant issued was inaccurate and such inaccuracy was known by affiant."
No motion or request was made in the trial court to compel the State to disclose the identity of its confidential informer. For this reason the question is not before this Court.
For the reasons assigned, the conviction and sentence are affirmed.