**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jim Dean WARREN, Defendant-Appellant.**

No. 78–5460.

United States Court of Appeals, Fifth Circuit.

May 9, 1979.

Rehearing Denied June 20, 1979.

---

1. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

Joseph G. Garza, San Antonio, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., Anna E. Stool, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert Berg, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before COLEMAN, GODBOLD and IN-GRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Appellant Jim Dean Warren was convicted of knowingly or intentionally possessing a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1970). He raises a panoply of arguments on this appeal: (1) that the district court erred in denying his motion to suppress; (2) that the jury panel should have been discharged because of prejudicial remarks of a prospective juror; (3) that a mistrial should have been granted because of prejudicial remarks by the prosecutor; (4) that the jury deliberations were tainted by the jury's ex parte communications with the court and the court's coercive instructions; and (5) that the evidence of constructive possession was insufficient to support the jury verdict. We affirm the conviction.

On November 12, 1977, Border Patrol Agent Cecilio Ruiz, Jr., stopped an automobile driven by appellant for routine citizenship questioning. The stop occurred at the permanent border checkpoint fourteen miles south of Sarita, Texas, on U.S. Highway 77. Appellant was accompanied by his son Craig and Mrs. Margaret Elena Fernandez. Agent Ruiz asked appellant, who appeared nervous, to open the trunk. Several suitcases were found in the trunk. When Agent Ruiz asked what the suitcases contained, appellant voluntarily opened them. Twenty-four pounds of marijuana were discovered in one suitcase. After appellant denied knowledge of the marijuana and Mrs. Fernandez stated that the contraband was hers alone, Agent Ruiz placed both appellant and Mrs. Fernandez under arrest.

A grand jury returned a joint indictment against appellant and Mrs. Fernandez for knowing or intentional possession with intent to distribute twenty-four pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1) (1970). Mrs. Fernandez entered an agreement with the government wherein the government would recommend "pretrial diversion" [1] in exchange for her testimony against appellant.

Appellant argues that the district court erred in denying his motion to suppress the marijuana, because Agent Ruiz searched his car without probable cause. Probable cause is unnecessary for a routine customs stop and search at the functional equivalent of the border. *Almeida-Sanchez v. United States*, 413 U.S. 266, 272–73, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1972); *United States v. Martinez*, 588 F.2d 495, 497–98 (5th Cir. 1979). Since the Sarita checkpoint is the functional equivalent of the border, *id; United States v. Clay*, 581 F.2d 1190, 1192 (5th Cir. 1978), the search of appellant's car complied with the Fourth Amendment.

Appellant argues that the district court erred in failing to discharge the jury

---

1. Under the terms of the "pretrial diversion" agreement, Mrs. Fernandez agreed to a period of probation in exchange for her testimony. The government promised that if Mrs. Fernan-dez did not satisfy the requirements of the "pretrial diversion" program and was tried, the government would not use any of her testimony in appellant's trial against her.

panel after a prospective juror informed the court of his antipathy towards narcotics. During the voir dire, a prospective juror, Mr. Clarence Moore, volunteered: "Your Honor . . . I am very much against anything to do with narcotics. I have had a very sad experience." He was struck from the panel for cause. Defense counsel moved to discharge the entire panel on the basis of Mr. Moore's remark. The district court acted within its discretion in not discharging the panel. The prospective juror's remark was not so prejudicial as to taint the jury's deliberations, *see United States v. Chiantese*, 582 F.2d 974, 978–80 (5th Cir. 1978), particularly since the court instructed the jury to disregard the remarks.

■ Appellant argues that the district court erred in overruling defense counsel's objection to the testimony of Mrs. Fernandez, because the government coerced Mrs. Fernandez to testify against him by offering her "pretrial diversion." The agreement between the government and Mrs. Fernandez is analogous to a plea bargain agreement. So long as Mrs. Fernandez was free to accept or reject the government's offer with the benefit of counsel and other procedural safeguards, the bargain was voluntary and legitimate. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); *United States v. Valdes*, 545 F.2d 957, 960 (5th Cir. 1977). The government adduced testimony that Mrs. Fernandez understood the terms of the bargain and received advice of counsel, before she elected to accept the government's offer.[2]

■ Appellant also complains that the district court erred in denying his motion for a mistrial after the prosecutor's sidebar suggestion that appellant did not wish Mrs. Fernandez to testify truthfully. In his direct examination of Mrs. Fernandez, the prosecutor remarked: "All anybody wants you to do is tell the truth, with the exception of perhaps a few." Defense counsel objected to the sidebar comment and moved for a mistrial. The motion was denied. The prosecutor erred in expressing a personal opinion about the credibility of the witnesses. *See United States v. Morris*, 568 F.2d 396, 401 (5th Cir. 1978). However, the district court's instruction to the jury to disregard the prosecutor's sidebar remarks and the overwhelming evidence of appellant's guilt render the error harmless. *See United States v. Restrepo-Granda*, 575 F.2d 524, 528 (5th Cir. 1978).

Appellant alleges three reversible errors in the jury deliberations: (1) the district court's failure to disclose the contents of jury communications indicating the numerical split of the jury; (2) refusal to grant a mistrial when a polling of the jurors revealed the jury vote; and (3) insistence upon the jury continuing its deliberations despite jury communications indicating a deadlock.

■■ The district court did not err in failing to disclose the vote of the jury. Although as a general rule, the district court should disclose to the parties the contents of jurors' notes, *United States v. Robinson*, 560 F.2d 507, 516 (2d Cir. 1977), the court should not disclose the numerical division of the jury, because of the threat of coercion during jury deliberations.[3]

■ The district court did not err in refusing to grant appellant's motion for mistrial when a polling of the jurors revealed that the jury had yet to reach a unanimous decision as the foreman had announced. Pursuant to defense counsel's request for a polling of the jurors, the court clerk asked each juror if the guilty verdict was his or her verdict. When the eleventh juror, Mr. Lewis Lytle, was asked if this was his verdict, he said: "No, Sir, I really can't say it,

---

2. Moreover, the terms of the bargain were before the jury as was the admission that Mrs. Fernandez's testimony contradicted her statement to Agent Ruiz that she alone was responsible for the marijuana in the car trunk. The jury is the final arbiter of credibility. *United States v. Murray*, 527 F.2d 401, 410 (5th Cir. 1976).

3. Although it is improper for the court to inquire of the jury division, *see United States v. Jennings*, 471 F.2d 1310, 1313–14 (2d Cir.), cert. denied, 411 U.S. 935, 93 S.Ct. 1909, 36 L.Ed.2d 395 (1973), the unsolicited disclosure of the jury division by the foreman is not by itself a ground for a mistrial. *United States v. Zeehandelaar*, 498 F.2d 352, 358 (2d Cir. 1974).

because . . . ." The district court interrupted Juror Lytle and ordered the jury to deliberate further.[4] Fed.R.Crim.P. 31(d) provides:

> When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged.

The district court did not abuse its discretion in directing further deliberations and denying the motion for mistrial. *See United States v. Smith*, 562 F.2d 619, 622 (10th Cir. 1977).

■ The district court's admonitions to the jury to continue its deliberations did not coerce the jury to render a guilty verdict. In response to the first two jury notes suggesting that the jury was deadlocked, the district court instructed the jury: "Please continue your deliberations." In response to the third note, the district court wrote to the jury:

> The court suggests you continue your deliberations. You may recess for dinner and return this evening to continue your deliberations, or you may recess now and return in the morning at 9 a. m. to continue your deliberations. Please advise the marshal as to your choice.

The fourth supplemental charge to the jury, given after the polling of the jurors, was a verbose restatement of the third charge.[5]

We recently observed in *United States v. Cook*, 586 F.2d 572, 578 n. 2 (5th Cir. 1978), that a supplemental instruction with language similar to that at issue in the instant case is not a traditional *Allen* charge. *See*

*Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The supplemental instructions in the instant case have none of the coercive elements found impermissible by this circuit. "The district court's charge did not refer to the expense of a second trial or the need for the minority to reconsider its votes, imposed no coercive deadline, made no treats of marathon deliberations, and exerted no pressure for the surrendering of conscientiously held minority views." *United States v. Solomon*, 565 F.2d 364, 366 (5th Cir. 1978).

■ Finally, appellant argues that the evidence of his constructive possession of the contraband was insufficient to support the jury verdict. The test of the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the government, a reasonable jury could find the accused guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1941); *United States v. Davis*, 592 F.2d 1325 (5th Cir. 1979). Constructive possession involves "ownership, dominion or control over the contraband itself, or dominion or control over the premises or the vehicle in which the contraband was concealed." *United States v. Salinas-Salinas*, 555 F.2d 470, 473 (5th Cir. 1977). Like actual possession, constructive possession may be joint or exclusive. *See United States v. Riggins*, 563 F.2d 1264, 1266 (5th Cir. 1977).

■ Appellant was driving the car in which the contraband was found. Mrs. Fernandez testified that she and appellant jointly owned the car as well as the contraband. The evidence was sufficient to support the jury finding that appellant shared

---

4. The court instructed the jury:

Well, be seated. Ladies and gentlemen, I gave you an option as to what you wanted to do by way of continuing your deliberations, that you could go to dinner and come back and, deliberate a little more this evening or you can recess now and come back at 9:00 o'clock in the morning. You are obviously—at this point do not have a unanimous verdict. Whichever you wish to do, you may do, but I want to ask that you still consider your deliberations, so you can leave and be in recess, come back at 9:00 o'clock in the morning; you can go to dinner, come back and ·deliberate further this evening; but

that's going to be your decision to make, but I do feel like you should deliberate further, so whichever you do is not going to be—create any problem as far as the court is concerned, but I do feel there should be some further deliberation and I do give you that option as to when you will deliberate, so I'll excuse you to go back with the Marshal to the jury room. You can make your decision at that time.

The jury resumed its deliberations at 9:00 a. m. the next morning and rendered a unanimous verdict of guilty at 9:45 a. m.

5. See footnote 4, supra.

dominion and control over the vehicle and the marijuana.

Since the stop and search occurred at the functional equivalent of the border, a showing of probable cause was unnecessary and the motion to suppress was properly denied. The district court did not abuse its discretion in refusing to discharge the jury panel because of a prospective juror's prejudicial remark. Nor did the district court abuse its discretion in refusing to grant appellant's motion for mistrial after the prosecutor expressed an opinion about the credibility of a witness. During the jury deliberations, the district court properly withheld from counsel the numerical division of the jury and properly instructed the jury to continue its deliberations. The fact that appellant was the driver and joint owner of the car in which the marijuana was found permitted the jury to infer appellant's constructive possession of the contraband. The conviction is affirmed.

AFFIRMED.