**Unel HARRIS, Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden et al.,**
**Respondent-Appellee.**

**No. 80–3316.**

United States Court of Appeals,
Fifth Circuit.
Unit A

April 13, 1981.

John Reed, New Orleans, La. (Court-appointed), for petitioner-appellant.

John H. Craft, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before GOLDBERG, AINSWORTH and RUBIN, Circuit Judges.

GOLDBERG, Circuit Judge:

The prior opinion of April 13, 1981 in this case is withdrawn and the following opinion is substituted therefor.

Unel Harris petitioned the District Court for the Eastern District of Louisiana for a writ of habeas corpus. Upon the recommendation of a magistrate, the district court denied the writ. We reverse.

The facts in the case are not in dispute. While responding to a call, two policemen discovered an automobile, idling with its lights on, blocking the street. Upon inspection, the officers found two occupants, Martin Thibodeaux in the driver's seat and appellant Harris in the passenger's seat. The car was owned by Thibodeaux. The officers found a gun under the right thigh of Thibodeaux and tinfoil packets of heroin in the console between Thibodeaux and Harris. Both Harris and Thibodeaux appeared to be under the influence of drugs at the time of the arrest and Harris's arm bore track marks, two of which appeared to have been made within the previous five hours.

Thibodeaux, who pled guilty to a charge of possession of heroin, was scheduled to testify on Harris's behalf at the trial. However, since there was no jury and since the substance of Thibodeaux's testimony was known by the trial judge, the government stipulated to (and affidavits were submitted in place of) his testimony. Thibodeaux's statement completely exonerated Harris, noting that the car and the heroin belonged solely to Thibodeaux.

The standard for reviewing habeas challenges contesting the sufficiency of the evidence was announced by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under *Jackson*, a conviction must be reversed if, after viewing the evidence in the light most favorable to the prosecution, a court finds that no rational trier of fact could have found, beyond a reasonable doubt, sufficient evidence of the crime for which the defendant was convicted.[1] Since the defendant in this case was convicted of the state crime of possession of drugs, La.Rev. Stat.Ann. § 40:966 (West 1977), the substantive law of the state of Louisiana controls the definition of each of the elements of the crime which must be proven. Thus, Harris's challenge to the sufficiency of the evidence establishing "possession" must be analyzed in light of the definition of "possession" under La.R.S. 40:966.[2]

---

1. In *Holloway v. McElroy*, 632 F.2d 605 (5th Cir. 1980), the Fifth Circuit ruled that the *Jackson* standard could be applied retroactively.

2. Both parties in this suit seem to have misapplied the holding of *Jackson* —that conviction upon insufficient evidence *of the crime charged* is a federal constitutional violation—to a review of a state conviction. It is clear that when a state crime is at issue, the state law must define each of the elements which must be proven. The parties, however, have cited only the federal law defining "possession." In this particular case, the law of "possession" is virtually identical under federal and state law and, therefore, the validity of Harris's conviction is not affected by the choice of law.

■ Under Louisiana law, in order for a person to constructively possess a drug, he must either own the drug, or have dominion or control over it. *State v. Marks*, 337 So.2d 1177 (La.1977); *State v. Mims*, 330 So.2d 905 (La.1976); *State v. Baker*, 338 So.2d 1372 (La.1976); *State v. Knight*, 298 So.2d 726 (La.1974). Thus, the sole question before this court in reviewing the denial of the writ of habeas corpus is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Harris had dominion or control over the heroin found in the console of Thibodeaux's car.

Both parties agree that viewing the evidence in the light most favorable to the government, the record shows that: (1) Harris was present in Thibodeaux's vehicle; (2) packets of heroin were discovered in "plain view" in a console between the two men; and (3) Harris was under the influence of drugs at the time and had "shot up" within the past few hours. Both sides similarly agree that there was no evidence of any relationship between Thibodeaux and Harris (other than being found sitting in a car together), or any indication as to how long the car had been idling in the street. The car did not contain any traces of heroin use nor any paraphernalia necessary for such use. The only controversy between the parties in this case is whether these three facts are sufficient to establish that Harris had "dominion" or "control" over the heroin.

■ It is well-settled in Louisiana that mere presence in the area where the narcotic is discovered or mere association with the person who does control the drug or the property where it is located, is insufficient to support a finding of possession. *State v. Alford*, 323 So.2d 788, 790 (La.1975); *State v. Cann*, 319 So.2d 396 (La.1975). Moreover, while it can be inferred from Harris's presence in the car and from the location of the heroin in "plain view" in the console that Harris had knowledge of the presence of

drugs, it is clear that knowledge of the presence of drugs is insufficient to prove "dominion" or "control" over the drugs, and, therefore, is insufficient to establish "possession." *See, e. g., State v. Marks*, 337 So.2d 1177 (La.1976) (knowing and willing control must be shown); *State v. Knight*, 298 So.2d 726 (La.1974) (same).

■ While admitting that Harris's knowledge of the presence of drugs in Thibodeaux's car is insufficient, by itself, to establish possession, the government argues that consideration of the third and final element of its proof—that Harris had injected heroin within the five hours prior to his arrest—in conjunction with Harris's knowledge of the presence of drugs is sufficient to prove possession. It is clear that the presence of "fresh" track marks on Harris's arm establishes that Harris was a heroin user at the time of his arrest. However, given the absence of any traces of heroin use—or of any paraphernalia needed for such use—in Thibodeaux's car, these track marks in no way operate to prove that Harris had control or dominion over the specific heroin found wrapped in packets in Thibodeaux's car. Similarly, the absence of any evidence whatsoever of prior dealings or of a relationship between Thibodeaux and Harris, or even that the two men were in the car together for more than a few minutes, serves to negate an inference that Harris had control over Thibodeaux's heroin. Finally, Thibodeaux's own stipulated testimony that Harris neither owned nor controlled the heroin further defeats any inference of possession. The mere fact that an addict has knowledge of the presence of heroin is not sufficient to prove possession.

As admitted by the government at oral argument, no previous case has ever found "possession"—under federal or state law—based upon facts as insubstantial as those present in the case at bar. The government relies heavily on *Garza v. United States*, 385 F.2d 899 (5th Cir. 1967) to illustrate that Harris's presence in a car while under the influence of drugs, plus the presence of

drugs in "plain view," is sufficient circumstantial evidence to prove constructive possession. However, in *Garza*, Judge Thornberry expressly relied on (1) the presence of drug-related apparatus in the car and (2) appellant's unexplained conduct in driving a car into unusual locations (such as dead end streets) shortly after returning from a brief trip to Mexico, in order to conclude that there was sufficient evidence to establish possession. Similarly, in every other case cited by the government in its brief, the court was persuaded by the presence of additional factors in order to find "constructive possession." *See United States v. Christian*, 505 F.2d 94 (5th Cir. 1974) (passenger on eight day trip on boat carrying huge quantities of marijuana in cabin has sufficient "relationship" to owner of boat to prove possession); *United States v. Hood*, 493 F.2d 677 (9th Cir.), *cert. denied*, 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 84 (1974) (wife of driver who had heroin in open briefcase between her legs and who made gesture to conceal it was guilty of possession); *United States v. Carillo*, 565 F.2d 1323 (5th Cir.), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1587, 55 L.Ed.2d 807 (1978) (six year relation between passenger and driver, trip together into Mexico, location of drugs in car, conduct of passenger and track marks sufficient to prove possession); *United States v. Warren*, 594 F.2d 1046 (5th Cir. 1979) (fact that appellant drove car plus testimony by co-defendant that appellant was co-owner of drugs and car sufficient to show possession); *United States v. Martinez*, 588 F.2d 495 (5th Cir. 1979) (passenger's possession of car trunk key and key to chests in trunk containing contraband sufficient to prove possession); *United States v. Whitmire*, 595 F.2d 1303 (5th Cir. 1979), *cert. denied*, 448 U.S. 906, 100 S.Ct. 3048, 65 L.Ed.2d 1136 (1980) (course of conduct including hour of departure of boat, probable point of departure, speed and manner of driving boat, plus overpowering odor of

marijuana, and relationship to co-defendant sufficient to prove possession).

Although neither party cites state law in this case, it is clear that no state case has found "possession" on such insubstantial facts.[3] *See, e. g., State v. Mims*, 330 So.2d 905 (La.1976) (car, in which drugs and paraphernalia were found, driven by defendant for several hours, with friends as passengers); *State v. Little*, 353 So.2d 255 (La. 1977) (track marks plus surveillance report of significant covert activity sufficient to prove possession of drugs in house); *State v. Porter*, 296 So.2d 302 (La.1974) (defendant owner and driver of car).

Finding that no rational trier of fact could have found beyond a reasonable doubt that Harris possessed the heroin found in Thibodeaux's car, we reverse the decision of the trial court and remand so that the writ of habeas corpus shall issue.

REVERSED AND REMANDED.

AINSWORTH, Circuit Judge, dissenting:

In considering this habeas corpus petition it is well to understand the standard of review where the issue is the sufficiency of the evidence to sustain the conviction. Prior to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), challenges to state convictions based on insufficiency of evidence were not seen as presenting any constitutional issues suitable for habeas corpus review. As long as there was some evidence to support the conviction, it would not be overturned on habeas. *Thompson v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). Under *Jackson*, sufficiency of evidence is now a federal constitutional issue. However, *Jackson* does not require, or permit, federal courts to review the evidence *de novo* and, in effect, try the case anew. Our role is strictly limited. Even if we, after thoroughly reviewing the record, do not believe that there is sufficient evidence to sustain the conviction, we

---

**3.** A comparison of the current facts to those supporting convictions under state law is made extremely difficult because of the use of the "no evidence" standard to review convictions by the Louisiana Supreme Court. Therefore, these cases established only whether "some evidence" of possession existed on the facts presented in those cases, and not, whether "sufficient evidence" actually existed.

cannot grant the writ of habeas corpus unless we can say, after making all reasonable inferences in favor of the state, that *no* rational trier of fact could find the defendant guilty beyond a reasonable doubt. Neither the appellate court nor the district court need "satisfy *itself* of proof beyond a reasonable doubt'. . . . [S]uch a standard of review . . . would not comport with the rule announced in *Jackson* . . . and would in fact invade the province of the factfinder at trial . . . ." *Holloway v. McElroy*, 632 F.2d 605, 640 n.54 (5th Cir. 1980). *See also United States v. Ochoa-Torres*, 626 F.2d 689, 691 (9th Cir. 1980) ("It is not our task to weigh the evidence or to assess the credibility of the witnesses."); *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 1776, 64 L.Ed.2d 398 (1980) (White, J., dissenting) ("the issue here is not what *our* verdict would have been, but whether 'any rational factfinder' could have found [sufficient evidence].").

The problem here is that the majority has in effect undertaken a *de novo* review of the evidence using the typewritten transcript of the testimony. Although the majority correctly points out that this case can be distinguished from other, similar cases, the differences are not great. This court and others have found sufficient evidence to sustain convictions in cases where the evidence is little stronger than in the present case. *See, e. g., United States v. Carrillo*, 565 F.2d 1323 (5th Cir. 1978); *Garza v. United States*, 385 F.2d 899 (5th Cir. 1967); *State v. Little*, 353 So.2d 255 (La. 1977) (covert conduct and track marks sufficient to show constructive possession); *State v. Kinchen*, 342 So.2d 174 (La.1977); *State v. Smith*, 257 La. 1109, 245 So.2d 327 (1971) (husband found to constructively possess narcotics in physical custody of wife notwithstanding her testimony that he was unaware of drugs). Making all inferences in favor of the Government, the record indicates that two police officers discovered Harris and his companion Thibodeaux apparently under the influence of narcotics, in a car blocking a New Orleans city street at 3:25 a. m. There was a high-powered hand-gun on the seat between them and twenty-seven foil packets of heroin in plain view on the console between Harris and Thibodeaux. Harris had "fresh" track marks on one arm and older marks on his other arm, indicating that he had injected himself with heroin within the past few hours and had used it numerous times in the past. The only exculpatory evidence was a stipulation that Thibodeaux, who was not present at trial and who had previously pleaded guilty to possession of heroin, would have testified that he alone owned the car and the heroin.[1] It certainly cannot be said that the trial judge was irrational in giving Thibodeaux's statement little or no credence.

The state trial judge, as trier of fact, found that the evidence demonstrated petitioner's guilt beyond a reasonable doubt. Unel Harris was thus convicted by the trial judge in Louisiana state court of possession of heroin. The court sentenced him to 20 years' imprisonment as a multiple offender, under the applicable Louisiana statute, since Harris had previous felony convictions in Louisiana state courts for possession of barbiturates, possession of heroin, and simple burglary. On appeal, the seven justices of the Louisiana Supreme Court, with no dissent, agreed and affirmed the conviction in a per curiam decision without opinion, *State v. Harris*, 365 So.2d 830 (La.1978). In this federal proceeding, a United States magistrate, applying the *Jackson* criteria, found that "[i]t appears beyond peradventure that any rational trier of fact, presented with the evidence adduced herein, could have found the essential elements of the crime beyond a reasonable doubt." A United States district judge, after reviewing the magistrate's report, the record and the petition, agreed that there was sufficient evidence and denied the writ. In denying the petitioner's motion for certificate of probable cause, the district judge held "that there was more than sufficient evidence to establish petitioner's constructive possession of the discovered heroin. The record also indicates that a rational trier of fact could conclude beyond a reasonable doubt that all

---

1. As a first offender, Thibodeaux was placed on probation for this violation.

elements of the crime were proven." With the original trier of fact and nine reviewing judges all finding that the evidence demonstrated the petitioner's guilt beyond a reasonable doubt, I cannot now say, as I would be required to by *Jackson*, that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Under the circumstances, I dissent.