**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Howard Allen TURNER, Jr., Defendant-Appellant.**

**No. 81–5319
Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 16, 1982.

Joseph Minceberg (court-appointed), Miami, Fla., for defendant-appellant.

Atlee W. Wampler, III, U.S. Atty., Miami, Fla., for plaintiff-appellee.

Appeal from the United States District Court for the Southern District of Florida.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

The sole question on this appeal is whether the evidence was sufficient to support a finding of guilt in a nonjury trial. Defendant Howard Allen Turner, Jr. was convicted of possession with intent to distribute 4,660 pounds of marijuana found on a 55 to 60-foot Chris-Craft salon deck cruiser he was piloting when it was stopped and boarded by customs officers near Baker's Haulover Cut, an entrance to the Florida coast from the Atlantic Ocean.

The boat had been under intermittent surveillance by plane from the time it was sighted in Bahamian waters off the coast of North Bimini headed toward the United States. There is no dispute as to the legality of the stop, boarding and search of the vessel.

The defendant agreed to have the court determine guilt or innocence on the basis of evidence presented at a prior trial which ended in a mistrial. The evidence was uncontradicted. The law is not in dispute. The only question is whether the district court could properly infer from the evidence that, beyond reasonable doubt, Turner was in possession and control of the marijuana below decks.

Possession, dominion and control of marijuana may be proven by evidence the defendant was in control of a vessel which he knew to contain contraband. *United States v. Christian*, 505 F.2d 94, 96 (5th Cir. 1974).

The evidence supported the finding of guilt. Turner was the sole operator of the 55 to 60-foot vessel both before and after the customs patrol took custody. When asked for documentation, defendant produced the ship's documents. When asked for a key to a locked hatch, defendant searched his pockets and along with three other persons aboard checked some drawers in the salon area. At the request of an officer, defendant, still at the helm, docked the vessel. The court noted that while driving, Turner had trouble controlling the vessel because it was heavily laden and listing to one side. A strong odor of marijuana permeated the vessel. With this undisputed evidence we cannot reverse as clearly erroneous the finding of the trial court that defendant knew that marijuana was aboard and had possessión and control of it.

Contrary to defendant's argument, this is not a case where defendant was a mere passenger. *See United States v. Willis*, 639 F.2d 1335 (5th Cir. 1981). Although this case is not quite as clear as where a person is admittedly the master of the vessel, *United States v. Sanchez*, 634 F.2d 938 (5th Cir. 1981), the evidence permits that finding, especially since no contrary evidence was submitted.

The "shortcomings" in the Government's proof, as argued by the defendant, are not cause for reversal. The absence of proof that defendant was aboard the vessel before the contraband was loaded is irrelevant if he knew it was there and was taking it to the United States. His search of his pockets for the key to the locked hatch dilutes the argument that there was no proof he ever had access to below decks. Proof that defendant recognized the aroma of multiton quantities of marijuana has never been required where the aroma permeates the ship. The argument that no contraband was visible from above deck fails because of the strong odor present. Lack of proof that defendant had piloted the vessel except at the moment of seizure is not significant when there is no evidence that anyone else ever piloted the vessel.

The defendant has failed to establish on this appeal that any *reasonable* hypothesis of innocence emerges from the evidence before the court.

AFFIRMED.