IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. TIMOTHY E. HIGGS

**Direct Appeal from the Circuit Court for Weakley County**
**No. CR66-1999   William B. Acree, Judge**

---

**No. W1999-01534-CCA-R3-CD - Decided July 24, 2000**

---

The defendant appeals from a jury trial conviction for possession of contraband in a penal institution, a Class C felony.  In this appeal, the defendant alleges the evidence was not sufficient to support his conviction.  Concluding that the evidence was sufficient, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

WITT, J, delivered the opinion of the court, in which SMITH, J., and WEDEMEYER,  J., joined.

Joseph P. Atnip, District Public Defender, Kevin McAlpin, Assistant District Public Defender, Steve McEwen, Mountain City, Tennessee, for the appellant, Timothy E. Higgs.

Paul G. Summers, Attorney General & Reporter, Mark E. Davidson, Assistant Attorney General, Thomas A. Thomas, District Attorney General, Allen J. Strawbridge, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Timothy E. Higgs, appeals from the Weakley County Circuit Court conviction for possession of contraband in a penal institution, a Class C felony.  See Tenn. Code Ann. § 39-16-201 (1997).  After being convicted by a jury, the defendant was sentenced as a Range III persistent offender to 10 years in the Department of Correction.  He was also fined $1000.  In this appeal, he alleges that the evidence was not sufficient to support his conviction.  Following a review of the record and the briefs of the parties, we affirm the judgment of the trial court.

In the light most favorable to the state, the evidence at trial demonstrated that, on the afternoon of February 28, 1999, Eric Gordon, the jailor for the Weakley County Sheriff's Office, was making his rounds in the Weakley County jail when he observed the defendant smoking a homemade cigarette while incarcerated in the jail. Gordon smelled an odor of burning marijuana and incense.  He looked through the door of the day room and saw the defendant

sitting on a bunk, smoking a homemade cigarette. He asked the defendant to bring him the cigarette, but the defendant refused. The jailor testified that the defendant jumped up and panicked when he asked for the cigarette. The defendant began throwing things under the bunk.

The jailor decided that it was not prudent to enter the day room alone, and he left to get assistance. He returned with another deputy, and they found the defendant smoking a regular, filtered cigarette. When the defendant acted belligerently, they placed him in the drunk tank and searched the day room. The jailor discovered three marijuana cigarettes under the bunk where the defendant had been sitting.

In the defendant's sole issue, he challenges the sufficiency of the convicting evidence. When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990).

Moreover, a criminal offense may be established exclusively by circumstantial evidence. State v. Boling, 840 S.W.2d 944, 947 (Tenn. Crim. App.1992); Duchac v. State, 505 S.W.2d 237 (Tenn. 1973); State v. Jones, 901 S.W.2d 393, 396 (Tenn. Crim. App. 1995); State v. Lequire, 634 S.W.2d 608 (Tenn. Crim. App. 1987). However, before an accused may be convicted of a criminal offense based upon circumstantial evidence alone, the facts and circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant." State v. Crawford, 225 Tenn. 478, 470 S.W.2d 610 (1971); Jones, 901 S.W.2d at 396. In other words, "[a] web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." Crawford, 470 S.W.2d at 613; State v. McAfee, 737 S.W.2d 304, 305 (Tenn. Crim. App. 1987).

In determining the sufficiency of the evidence, this court should not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956); Farmer v. State, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978). On the contrary, this court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. Cabbage, 571 S.W.2d at 835.

In the case at bar, the defendant argues that the evidence was not sufficient to prove that the defendant constructively possessed the contraband. Furthermore, he argues that the proof was insufficient to show that he knowingly had the intention to exercise control over the contraband. Although the evidence is circumstantial, the jury could have found the elements of the offense beyond a reasonable doubt. To convict the defendant, the state was required to prove (1) knowing (2) possession (3) of contraband (4) while present in a penal institution and (5) without express, written consent. Tenn. Code Ann. § 39-16-201(a)(2) (1997). Proof that a possession is knowing will usually depend on inference and circumstantial evidence. See United States v. Pierre, 932 F.2d 377, 392 (5th Cir. 1991); State v. Brown, 915 S.W.2d 3, 7 (Tenn. Crim. App. 1995). Possession of a controlled substance can be based on either actual or constructive possession. State v. Brown, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991). The state may establish constructive possession by demonstrating that the defendant has the power and intention to exercise dominion and control over the controlled substance either directly or through others. Id. In essence, constructive possession is the ability to reduce an object to actual possession. Id. That the substance possessed was contraband can be, and was in this case, established by direct evidence. The defendant's presence in a penal institution can be established by direct evidence, such as testimony of a guard or jailor, as it was in the case at bar. The lack of express, written consent or permission can be established by circumstantial evidence, as in the case at bar where the jailor was attempting to prevent the use of drugs in the jail.

The jury could have found the first two elements by inference from the testimony regarding the jailor's smelling marijuana as he walked toward the day room, the defendant being discovered smoking a homemade cigarette and his conduct upon being discovered, and that the contraband was discovered under the defendant's bunk. The defendant argues that there were twelve to fourteen others in the room, including another person that was lying on the bunk under which the contraband was found. However, the defendant was more than just present in the area where the drugs were found. See Brown, 915 S.W.2d at 8; Harris v. Blackburn, 646 F.2d 904, 906 (5th Cir. 1981). The drugs were found under the defendant's bunk, which he was sitting upon, and the jailor testified that the defendant, upon being discovered smoking a homemade cigarette, threw things under his bunk and refused to cooperate with the jailor. When the jailor returned with assistance, the defendant became aggressive and had to be removed from the day room before a search of the room could be performed. The proof presented at trial, which consisted mostly of the defendant's actions, is sufficiently "strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant." Crawford, 225 Tenn. at 484, 470 S.W.2d at 613; Jones, 901 S.W.2d at 396.

The defendant points out that the trial court was concerned about the sufficiency of the evidence and that the trial court questioned whether the state could link the contraband to the defendant. However, we note that the trial court expressed this concern early in the trial, while the first witness was still testifying. Further, the trial court denied the defendant's motion for judgment of acquittal, denied the defendant's motion for new trial, and fulfilled its duties as the thirteenth juror. See Tenn. R. Crim. P. 29 (motion for judgment of acquittal); Tenn. R. Crim. P. 33 (motion for a new trial); Tenn. R. Crim. P. 33(f) (thirteenth juror rule). Accordingly, we

conclude that the defendant's reliance upon the trial court's concern at an early stage of the trial is misplaced.

Based upon the foregoing reasons, the judgment of the trial court is affirmed.