WALLER, CHIEF JUSTICE, DISSENTING:
¶ 17. Because I find that the evidence is legally insufficient to support Darius Haynes's conviction for constructive possession of the cocaine, I respectfully dissent.
¶ 18. Investigator Wendell Fountain found Haynes sitting in the passenger seat of Xavier Brown's car. Located between the driver and passenger seats was a plastic bag containing 0.34 grams of cocaine. "Where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent *1247 evidence connecting him with the contraband." Powell v. State , 355 So.2d 1378, 1379 (Miss. 1978). Moreover, "mere physical proximity to the contraband does not, in itself, show constructive possession." Cunningham v. State , 583 So.2d 960, 962 (Miss. 1991). Since the car did not belong to Haynes, his "mere physical proximity" to the cocaine is insufficient to establish constructive possession.
¶ 19. Brown, the owner and the driver of the car, testified that he and Haynes had snorted some of the cocaine from the plastic bag earlier that day; however, Brown also claimed exclusive ownership of the remaining cocaine that was found in his car. We must consider Brown's uncontradicted testimony when reviewing the sufficiency of the evidence. Ferguson v. State , 137 So.3d 240, 243 (¶ 6) (Miss. 2014) (citation omitted) (When reviewing sufficiency of the evidence, "[t]his Court must 'consider all of the evidence-not just the evidence [that] supports the case for the prosecution ....' "); see also Downs v. State , 962 So.2d 1255, 1259 (¶ 14) (Miss. 2007) ; Taggart v. State , 957 So.2d 981, 986 (¶ 8) (Miss. 2007) ; Garrison v. State , 950 So.2d 990, 998 (¶ 32) (Miss. 2006) ; McDowell v. State , 807 So.2d 413, 425 (¶ 38) (Miss. 2001).
¶ 20. In a strikingly similar case, the Fifth Circuit found comparable evidence insufficient to support a conviction. Harris v. Blackburn , 646 F.2d 904 (5th Cir. 1981). In Harris , police officers "discovered an automobile, idling with its lights on ...." Id. at 905. "Upon inspection, the officers found two occupants, Martin Thibodeaux in the driver's seat and appellant [Unel] Harris in the passenger's seat. The car was owned by Thibodeaux." Id. When the officers looked in the car, they saw heroin "in 'plain view' in [the] console between the two men ...." Id. at 906. Both men "appeared to be under the influence of drugs at the time ... and Harris's arm bore track marks, two of which" indicated that Harris had used heroin within the last five hours. Id. at 905. Thibodeaux claimed ownership of both the car and the heroin. Id. However, Harris was charged and convicted in Louisiana for constructively possessing heroin.[6] Id. at 905.
¶ 21. Harris filed for a writ of habeas corpus with the U.S. District Court for the Eastern District of Louisiana, challenging the sufficiency of the evidence used for his conviction. Id. The district court denied the writ, and Harris appealed to the Fifth Circuit. Id. The appellate court reversed the district court's decision because of insufficiency of the evidence and remanded for the issuance of the writ. Id. at 907.
¶ 22. According to the Fifth Circuit, "mere presence in the area where the narcotic is discovered or mere association with the person who does control the drug or the property where it is located, is insufficient to support a finding of possession." Id. at 906. "Moreover, while it can be inferred ... from the location of the heroin in 'plain view' in the console that Harris had knowledge of the presence of drugs, it is clear that knowledge of the presence of drugs is insufficient to prove 'dominion' or 'control' over the drugs ...." Id. And "Thibodeaux's own stipulated testimony that Harris neither owned nor controlled the heroin further defeats any inference of possession." Id.
¶ 23. The State's central argument in Harris , though, was that Harris's "track marks," which proved Harris had used heroin within the previous five hours, was sufficient evidence to prove possession of the heroine in the car. Id. The Fifth Circuit rejected that argument:
*1248 It is clear that the presence of "fresh" track marks on Harris's arm establishes that Harris was a heroin user at the time of his arrest. However, given the absence of any traces of heroin use or of any paraphernalia needed for such use in Thibodeaux's car, these track marks in no way operate to prove that Harris had control or dominion over the specific heroin found wrapped in packets in Thibodeaux's car.
Id. Accordingly, the Fifth Circuit held "that no rational trier of fact could have found beyond a reasonable doubt that Harris possessed the heroin found in Thibodeaux's car ...." Id.
¶ 24. Just as in Harris , Haynes did not own the car in which the controlled substance was found in "plain view" between the driver and passenger seats. In both cases, the owner of the vehicle claimed possession of the controlled substance. And, like Harris, Haynes had consumed some of the drug earlier in the day. But, as the Fifth Circuit contemplated, the previous use of the drug "in no way operate[s] to prove" that Haynes "possessed" the drug of which Brown claimed ownership. Id.
¶ 25. The State was required to put forth some competent evidence that connected Haynes to the "specific" cocaine located in the car. Id. ; see, e.g. , Fultz v. State , 573 So.2d 689, 691 (Miss. 1990) (suggesting fingerprints on the drugs would be sufficient evidence); Cutrer v. State , 410 So.2d 1308, 1309 (Miss. 1982) (evidence sufficient when defendant kicked drugs under seat before stepping out of vehicle); Curry v. State , 249 So.2d 414, 414 (Miss. 1971) (evidence by owner of car was sufficient where owner, who had made entire trip from Texas to Hattiesburg with car occupants, was seated in front passenger seat in close proximity to marijuana and had made suspicious downward-reaching motion when sighted by police). The evidence is insufficient to support a finding that Haynes had constructive possession in this case.
¶ 26. I respectfully dissent.
KITCHENS, P.J., KING AND ISHEE, JJ., JOIN THIS OPINION.

Louisiana's constructive possession laws and standards for sufficiency of the evidence are identical to those of Mississippi. See Harris , 646 F.2d at 906.