# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41095
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD ELISEO MARRON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-829-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Edward Eliseo Marron appeals his conviction by a jury of conspiracy to possess with intent to distribute marijuana and two counts of possession with intent to distribute marijuana. He argues that his right to trial by an impartial jury was violated due to a prejudicial comment by a prospective juror during voir dire. Marron asserts that the prospective juror's remark – i.e., she worked in the criminal department at a courthouse and thought that Marron "might

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have visited at one point or another" and "looked familiar" – tainted the jury pool and precluded the empaneling of an impartial jury.  Marron also contends that the district court wrongly denied his motion for a mistrial or should have investigated further whether the jury panel was contaminated by the remark.

Marron attacked the impartiality of the jury in the district court and did not intentionally forgo his right to challenge whether the jury was tainted.  *See United States v. Olano,* 507 U.S. 725, 733 (1993).  We review the district court's determinations as to juror impartiality, the scope and method of voir dire, and the manner of addressing possible jury misconduct for abuse of discretion.  *See United States v. Hinojosa*, 958 F.2d 624, 631 (5th Cir. 1992); *United States v. Chiantese*, 582 F.2d 974, 978 (5th Cir. 1978); *United States v. Gerald*, 624 F.2d 1291, 1296 (5th Cir. 1980).  Likewise, we review the district court's denial of a motion for mistrial for abuse of discretion.  *United States v. Ramirez,* 963 F.2d 693, 699 (5th Cir. 1992).

Marron has not shown that the empaneled jury was partial or that the district court abused its discretion in resolving his attacks on the impartiality of the jury or denying his motion for a mistrial.  *See Hinojosa*, 958 F.2d at 631; *Ramirez*, 963 F.2d at 699.  The prospective juror – who was dismissed for cause because she repeatedly stated that she could not fairly judge the case – did not state conclusively that Marron appeared at the courthouse or specify that the purpose of any appearance was related to an ongoing criminal case or a prior conviction; thus, the risk presented by the comment was, at most, attenuated. *See United States v. Delval*, 600 F.2d 1098, 1102 (5th Cir. 1979).  The comment was not presumptively prejudicial, express an opinion about the facts or merits of the instant case, or insinuate Marron's guilt.  There also is no indication that any presumptively impartial juror, *see United States v. Ruggiero*, 56 F.3d 647, 652 (5th Cir. 1995), was influenced by the remark or that the comment affected

the ability of any empaneled juror to decide the case on the trial evidence. *See Patton v. Yount*, 467 U.S. 1025, 1035 (1984); *United States v. Warren*, 594 F.2d 1046, 1049 (5th Cir. 1979). The district court, which was in the best position to evaluate the impact of the remark, reasonably determined that the comment did not give rise to potential prejudice and, therefore, no further questioning was necessary to decide whether the impartiality of the jury was compromised. *See Hinojosa*, 958 F.2d at 631; *United States v. Garcia-Flores*, 246 F.3d 451, 458 (5th Cir. 2001). Because Marron has not shown that his right to be tried by an impartial jury was violated, we need not address his contention that the alleged error implicates a structural defect.

Also, Marron asserts that the prosecutor made impermissible comments during closing arguments. He asserts that the prosecutor's suggestion during rebuttal that defense counsel's argument – which highlighted alleged failings in the Government's investigation – was reminiscent of "that old saying, 'The greatest trick the devil ever pulled is convincing the world that he didn't exist,'" improperly injected religion into the case and attacked the character of defense counsel. Because Marron did not object to the prosecutor's remarks, our review is for plain error. *See United States v. Gracia*, 522 F.3d 597, 599-600 (5th Cir. 2008); *United States v. Thompson*, 482 F.3d 781, 785 (5th Cir. 2007).

Marron has not shown that the prosecutor's closing remarks were clearly improper or cast serious doubt on the correctness of the verdict. *See Thompson*, 482 F.3d at 785. The remarks, considered in context, were not an invocation of religion or a personal attack on defense counsel. By contending that counsel was emphasizing extraneous issues, the prosecutor intended to highlight the perceived weakness in Marron's defense and note his inability to undermine the inculpatory evidence. *See United States v. Strmel*, 744 F.2d 1086, 1089-90 (5th Cir. 1994). The prosecutor's reference to the "devil" was rhetorical rather

than an improper religious reference or a targeted attack; the prosecutor did not directly refer to counsel or Marron or depict them as demonic but quoted a purported aphorism that the prosecutor believed to embody his argument that the jury should not be distracted by irrelevant issues.  Even if the prosecutor's remark was erroneous, Marron cannot show an effect on his substantial rights because the isolated and indirect remark was connected to counsel's argument that the jury should focus on the relevant evidence; any prejudicial effect of the remark was mitigated by the district court's instructions to the jury; and the evidence against Marron was sufficiently substantial that the remark would not cast serious doubt on the correctness of the jury's verdict.  *See Thompson*, 482 F.3d at 785.

AFFIRMED.